PEOPLE *ex rel.* LICHTENSTEIN *v.* HODGSON, Sheriff.

(*Supreme Court, General Term, Fifth Department.*　January 24, 1891.)

POLICE JUSTICE—JURISDICTION—DISORDERLY PERSONS.

　　A police justice, being authorized by Code Crim. Proc. § 900 *et seq.*, and by Rochester City Charter, § 263 *et seq.*, as amended by Laws N. Y. 1890, c. 561, to hear a complaint charging defendant with being a disorderly person, and refusing to support his family, may postpone the hearing a reasonable time in order to enable complainant to summon her witnesses, and may commit defendant to the custody of the sheriff pending such postponement.

　　Appeal from special term, Monroe county.

　　Application by Isaac Lichtenstein for a writ of *habeas corpus* to Thomas C. Hodgson, as sheriff. From an order dismissing the writ, and remanding him to the custody of the sheriff, relator appeals.

　　Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

　　*J. M. B. Stevens*, for appellant.　　*G. A. Benton*, Dist. Atty., for respondent.

　　DWIGHT, P. J.　The principal questions argued by counsel for the relator on this appeal are not in any manner presented by the record before us. He was committed to the custody of the sheriff by the police justice of Rochester, pending a hearing and warrant issued by that magistrate, charging him with being a disorderly person, in that he refused to support his family. He sued out a writ of *habeas corpus*, alleging in his petition that he had been previously arrested and convicted on the same charge, and, having appealed from the judgment of conviction, had been let to bail pending such appeal, which was still pending and undetermined. He also alleged that a principal question upon which the appeal was brought was whether the police justice had jurisdiction of the proceeding, one of the facts of issue being the marriage of the parties, and that the same questions would arise upon any subsequent trial of the case. The petition set out the warrant and commitment of the police justice, which, it alleged, were the cause or pretense of the imprisonment complained of, and it charged that such imprisonment was illegal because the magistrate had no jurisdiction to issue such process, by reason of the facts before recited, among others. The return of the sheriff set up the same commitment as that alleged in the petition as his authority for the detention of the relator. The relator, by way of traverse of the return, alleged that the commitment was null and void for want of the jurisdiction of the magistrate to issue the same, reaffirmed the allegations of his petition, and denied that he ever had a wife or children or a family, within the meaning of the statute relating to disorderly persons. No evidence seems to have been given by the relator in support of any of the allegations of his petition or traverse, and the final order of the special term discharged the writ of *habeas corpus*, and remanded the relator to the custody of the sheriff. The relator seeks to argue here the two questions: (1) Of the effect of the previous proceeding against him on the same charge, his conviction thereupon, and his appeal from such conviction still pending; and (2) whether the magistrate has jurisdiction to try the issue of the marriage of the relator and the complainant. But these questions are plainly not presented by the record on this appeal, because there is no evidence of such previous conviction and appeal, nor is it even alleged that the issue of the marriage of the parties had been made in the proceeding in which the commitment in question was issued. On the contrary, that commitment was to answer the charge made in that proceeding, and, so far as appears, no plea had yet been made to such charge. We are bound, therefore, to assume that the only question before the special term was one which might have been raised by a demurrer to the return of the sheriff, viz., of the sufficiency and validity of the commitment on its face. That inquiry, no doubt, involved the two questions: (1) Whether the police

justice had jurisdiction to entertain the proceeding; and (2) whether he had authority to commit the relator to the custody of the sheriff pending the hearing before him. Such being the case before the special term, there can be no doubt of the correctness of the order appealed from. Jurisdiction of the particular offense with which the relator was charged is expressly given to the police justice by section 900 *et seq.* of the Code of Criminal Procedure, as well as by section 263 *et seq.* of the charter of the city of Rochester, as amended by chapter 561 of the Laws of 1890. That it was in the discretion of the magistrate to make a reasonable postponement of the hearing of the charge in order to enable the complainant to be notified and her witnesses to be summoned, or for the necessary accommodation of other business before him, cannot be questioned; and that he may commit the accused to the custody of the sheriff pending such postponement, and in default of bail,—follows of necessity. There was no evidence before the special term that such discretion was abused in this case, nor that bail was offered and refused. There seems to have been no ground shown for impugning the jurisdiction of the magistrate to issue the commitment, nor to question that the same was valid and sufficient on its face. The order of the special term should be affirmed, with costs. All concur.