### SELF v. UNITED STATES.

#### No. 5384.

Circuit Court of Appeals, Fourth Circuit.

July 12, 1945.

James L. DeLaney, of Charlotte, N.C., for appellant.

N. T. Elliff, Sp. Asst. to the Atty. Gen. (Theron L. Caudle, U. S. Atty., and W. M. Nicholson, Asst. U. S. Atty, both of Charlotte, N. C., and W. E. McKinney, Asst. U. S. Atty., of Asheville, N.C., on the brief), for appellee.

Before SOPER, DOBIE, and NORTHCOTT, Circuit Judges.

NORTHCOTT, Circuit Judge.

The appellant, Glenn Richard Self, hereinafter referred to as the defendant, was indicted in the District Court of the United States for the Western District of North Carolina, for the violation of section 11 of the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix, § 311. The indictment charged the defendant with refusal to report for induction pursuant to the order of Local Board No. 1, Lincoln County, N. C., on June 26, 1944.

On arraignment the defendant filed a plea of former jeopardy based on the fact that he had been convicted and sentenced on April 6, 1943, for refusal to report for work of national importance in lieu of induction on November 24, 1942. The trial court overruled the plea of former jeopardy and the defendant waived trial by jury and was found guilty as charged and sentenced to imprisonment for one year and one day. From this action of the court below this appeal was brought.

The only question involved is whether the action of the court below in overruling the plea of former jeopardy was error.

The defendant, a registrant with Local Board No. 1, Lincolnton, N. C., was classified in IV–E as a conscientious objector to all military service and was ordered to report for work of national importance in lieu of induction into the armed forces on November 24, 1942. He refused to report and, having been tried and convicted, was sentenced to imprisonment for one year and one day on April 6, 1943, for violation of Section 11 of the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix, § 311.

On December 30, 1943, the defendant was released from the Federal Penitentiary at Atlanta on conditional release and his full term of sentence expired on April 6, 1944. After his conditional release on December 30, 1943, the Local Board classified the defendant in Class I–A. He appealed this classification to the Board of Appeal on April 21, 1944, and the Board of Appeal also classified him in I–A. On June 15, 1944, the Local Board ordered the defendant to report for induction on June 26, 1944, and he refused to report. The defendant refuses to report either for induction into the armed forces or for alternative civilian service on the ground that he is a Jehovah's Witness.

In support of his plea of former jeopardy it is contended on behalf of the defendant that the crime of evading service was a single crime for which he could only be punished one time and that the provision in the Fifth Amendment to the Constitution of the United States, " * * * Nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb," precluded any further punishment.

■ We are of the opinion that this position cannot be maintained. The obligation of a citizen of the United States

to aid in the defense of his Government in time of war is a continuing one and a conviction and sentence for refusal to obey the order of a Local Board is no bar to conviction and punishment for disobedience of a subsequent order of a Local Board.

■ Here the defendant was convicted in the first instance for refusal to report for service in compliance with an order of the Board. Under classification IV–E, as a conscientious objector, he was convicted for refusing to report for entrainment to a Civilian Public Service Camp. After his release from the penitentiary, having served his first sentence, he was classified by the Local Board I–A, and ordered to report for induction. It is his refusal to comply with this latter order that is the crime charged here.

The Selective Service Regulations specifically provide that those who violate the Act shall continue to have the same obligations as others. Section 642.33, effective November 1, 1943 (8 F.R. 14, 115), provides: "When a man is released from custody, confinement, or imprisonment, he shall immediately advise his local board of that fact, and shall perform the duties and be accorded the rights and privileges of all registrants. This applies equally to a man taken into custody, confined, or imprisoned for a violation of the selective service law and to a man taken into custody, confined or imprisoned for any other cause."

In Goodrich v. United States, 5 Cir., 146 F.2d 265, a case in which the facts are similar to those here, the court held, after a discussion of the principles and citing of authorities, that the plea of former jeopardy was properly overruled. A number of unreported cases in the district courts are cited to the same effect and in the book "The Conscientious Objector and the Law" Julien Cornell, the author, says, page 76:

"So it happens that when the law imposes a continuing duty to perform an act, refusal to perform is a continuing and repeated offense which may be made the subject of successive prosecutions and imprisonment. This can last as long as the duty remains and is refused.

"It is apparent therefore, that when a positive act is required by law, the duty so to act may survive after a period of imprisonment for refusal to perform the act. If so, a second violation occurs and there is no double jeopardy within the meaning

of the Constitution because there is a separate offense."

■ The obligation to render military service is inherent in citizenship and may be compared with the obligation of a father to support his children. A conviction of a father for refusal to support his children is not a bar to a later prosecution for a future neglect of his obligation. People ex rel. Lichenstein v. Hodgson, 126 N.Y. 647, 27 N.E. 378, affirming 59 Hun 615, 12 N.Y.S. 699; State v. Morgan, 155 Iowa 482, 136 N.W. 521, 40 L.R.A.,N.S., 615; In re Baurens, 117 La. 136, 41 So. 442.

The offense for which the defendant was indicted in the instant case was a separate offense from the one for which he had been formerly convicted and punished. It was a different order, under a different classification, and the judge below properly overruled the plea of former jeopardy. The judgment of the court below is accordingly affirmed.

Affirmed.