## UNITED STATES v. HRABCAK.
### No. 5131 Criminal.

District Court, D. Wyoming.
July 23, 1945.

Carl L. Sackett, U. S. Atty., and John C. Pickett, Asst. U. S. Atty., both of Cheyenne, Wyo., for plaintiff.

Samuel D. Menin, of Denver, Colo., and Clyde M. Watts, of Cheyenne, Wyo., for defendant.

KENNEDY, District Judge.

The above entitled cause is before the Court upon a plea of former jeopardy entered in behalf of the defendant. The facts are not in dispute and are as follows:

The defendant, after registration under the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix § 311, upon his affirmative showing was classified as IV–E and ordered by the Board to report on August 10, 1942, for assignment to a Civilian Public Service Camp to do work of national importance. Upon his failure to so report the matter was submitted to the United States Attorney and upon presentment to a Grand Jury at the November Term of 1942 he was indicted, thereafter tried and convicted of violating said order of the Board and sentenced to serve a term of two years in a Federal Penitentiary. Such service of sentence was completed by the defendant, after which he was again classified by his Local Board as a conscientious objector and on or about December 13, 1944, ordered to report for assignment to a Civilian Camp to do work of national importance. The defendant again failed and neglected to report and to conform to the order of the Board. The matter was referred to the United States Attorney and on the 26th day of June, 1945, he was again indicted for failure to obey the order of the Board. To this indictment he has entered his plea of former jeopardy. Trial briefs have been submitted by counsel and the case is now before the Court for consideration.

The principal basis of the plea of former jeopardy is that it must be a prosecution for the same identical offense. Burton v. United States, 202 U.S. 344–380, 26 S.Ct. 688, 50 L.Ed. 1057, 6 Ann.Cas. 362. In this respect the case at bar clearly does not come within the rule announced for the reason that in the present case it is a separate and distinct order of the Board issued at a different time than the first order which he refused to obey and upon the conviction of which offense he was subsequently sentenced.

It remains to be considered whether or not irrespective of this legal analysis, under the Selective Training and Service Act he was subject to a second order of a similar nature after he had served his sentence for failure to obey the first order. The answer to the query is to be found in ascertaining whether or not the defendant is subject to a continuing obligation when logally called upon to serve his country in time of war. I think this answer must be in the affirmative. There is nothing in the Act under consideration which would justify a conclusion that a citizen subject to the orders of a Board might be absolved from further compliance with the demands of the Administrative Branch of the Government to which the functions are committed, becomes immune by reason of the fact that he has suffered one penalty and served a sentence for failure to submit to the orders of the Board upon a prior occasion. In other words, he has a continuing duty to serve his country in time of war and when he is legally called upon to do so he must respond if he is not protected at the time in serving such former sentence. This duty has been suggested by some of the Courts in similar cases as similar to the obligation of a father to support his children, in which it has been held that a conviction of a father for refusing to support his children is not a bar to a later prosecution for a future neglect. It seems to me that the obligation of a citizen to support his government in time of war is entitled to the highest rank of personal obligation.

It is suggested that a number of Courts have reached the foregoing conclusion but only a few of the cases are reported. Those which have been called to the attention of the Court as reaching similar conclusions are: Goodrich v. United States, 5 Cir., 146 F.2d 265, and Self v. United States, 4 Cir., 150 F.2d 745.

For the reasons stated an order may be entered overruling the plea of former jeopardy and reserving proper exceptions to the defendant.