## UNITED STATES v. NUGENT.

### No. 28, Docket 22385.

United States Court of Appeals
Second Circuit.

Argued Oct. 7, 1952.

Decided Nov. 10, 1952.

Myles J. Lane, New York City (Daniel H. Greenberg, New York City, of counsel), for appellee.

Herman Adlerstein, New York City, for appellant.

Before THOMAS W. SWAN, Chief Judge, and L. HAND and FRANK, Circuit Judges.

FRANK, Circuit Judge.

At the hearing held by the hearing officer, he did not mention the F.B.I. investigative report; nor did he give a summary of its contents or reveal the names of the persons who supplied the data described in the report. After defendant's indictment, before and at the trial the prosecutor refused to produce that report, on the ground that it was "confidential." See U. S. ex rel. Touhy v. Ragen, 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417.[5] When a prosecutor thus withholds such matter, the government must take the consequences,[6] which here come to this: Not having access to the report, the trial court and this court must assume that it contained matter gravely adverse to the defendant.[7] To be sure, the defendant did not make a request, pursuant to the following provision contained in the "Instructions" issued by the Office of the Attorney General:[8] "Upon request therefor by the registrant at any time after receipt by him of the notice of hearing and before the date set for the hearing, the hearing officer will advise the registrant as to the general nature and character of any evidence in his possession which is unfavorable to, and tends to defeat, the claim of the registrant, such request being granted to enable the registrant more fully to prepare to answer and refute at the hearing such unfavorable evidence." But even if defendant had made the request, the divulged information would not have afforded him adequate opportunity "to prepare to answer and refute at the hearing such unfavorable evidence." For that informa-

5. Cf. Bowman Dairy Co. v. U. S., 341 U. S. 214, 71 S.Ct. 675, 95 L.Ed. 879.

6. See U. S. v. Andolschek, 2 Cir., 142 F. 2d 503, 506; U. S. v. Krulewitch, 2 Cir., 145 F.2d 76, 78–79, 156 A.L.R. 337; U. S. v. Beekman, 2 Cir., 155 F.2d 580, 584; U. S. v. Grayson, 2 Cir., 166 F.2d 863, 870.

7. Smith, the Special Assistant to the Attorney General, in his letter to the Appeal Board, stated that "there is some indication in the [F.B.I.] report that the registrant is inclined to be lacking in ambition, however, his employment record is satisfactory." It may be that far more damaging statements are contained in the F.B.I. report.

8. It is entitled, "Instructions to Registrants Whose Claims for Exemption As Conscientious Objectors Have Been Appealed."

tion would not have disclosed the identity of the witnesses who gave such "evidence," and thus would not have put defendant in position to interrogate or impeach those witnesses.

Accordingly, we think the hearing before the hearing officer violated the statute, for the reasons admirably stated by Judge Hincks in United States v. Geyer, D.C., 108 F.Supp. 70. Referring to § 456(j),[9] which provides that on an appeal by a registrant claiming classification as a conscientious objector, the "Department of Justice, after appropriate inquiry, shall hold a hearing" upon notice to the registrant, Judge Hincks said: "The natural import of this provision is, I think, that the investigative report resulting from the inquiry shall be made a part of the record for consideration by all directly concerned with the classification. Under the contemplated procedure the registrant has already had an opportunity before the draft board to put everything desired into the record. That being so there would be no point to notify him to appear in the departmental hearing just to put in more evidence. Thus, by elimination, the only useful purpose of notice at that stage was to give the registrant opportunity to meet the contents of the report. And if such was the underlying purpose, the inference is required that the Act envisaged that the investigative report should be made a part of the departmental report and go forward in its entirety for the appeal board to scan and evaluate. Furthermore, the Act (same section) provides that the board 'shall, in making its decision, give consideration to, but shall not be bound to follow, the recommendation of the Department * * *.' This clearly imports that the board shall evaluate the worth of the recommendation which is a task impossible of fulfillment unless the board has access to the entire record on which the recommendation is based. Congress was not using empty words when in Sec. 451 of the Act it solemnly declared 'that in a free society the obligations and privileges of serving in the armed forces and the reserve components thereof should be shared generally, in accordance with a system of selection which is fair and just, and which is consistent with the maintenance of an effective national economy.' A system in which selections might be made in uniformed reliance upon the recommendation of an executive officer bottomed perhaps on secret police reports, would indeed make a mockery of that high declaration of policy. Only if the Act be construed to require that the investigative reports shall become a part of the record open to the appeal board and all concerned is the 'system of selection * * * fair and just' within our Anglo-Saxon concepts of justice and due process."[10]

It is true that in the Geyer case the Appeal Board's request for the F.B.I. report was refused by the Assistant Attorney General. However, Judge Hincks, having referred to the fact that "the defendant at no stage had seen the report" although the defendant had never asked for it, said that the statute must be construed to require that the investigative reports shall become part of the record open to the appeal board and all concerned, thus obviously including the defendant.

Because, as Judge Hincks points out, the statute calls for a hearing "after appropriate inquiry," we think that it was essential that the F.B.I. report, which results from that inquiry, should have been disclosed to the defendant before or at that hearing held by the hearing officer. Since defendant was a layman not represented by a lawyer, it is of no significance that he did not ask for the report. Nor is it significant that he did not ask the hearing officer to advise him, pursuant to the "Instructions," concerning "the general nature and character of any evidence * * * unfavorable" to his claim, for, to repeat, such advice would not have put him in a position to interrogate or impeach the witnesses who gave such testimony. We are not to be understood as deciding whether, if the

---

9. 50 U.S.C.A.Appendix.

10. In United States v. Geyer, as here, the defendant had not asked to see the F.B.I. report at or before the hearing held by the hearing officer.

statute provided that such a report should not be disclosed, it would be unconstitutional. Cf. Imboden v. United States, 6 Cir., 194 F.2d 508, 513.

Even if the F.B.I. report were favorable to the defendant, it may well be that the statute required that it be disclosed to him at or before the hearing held by the hearing officer. Cf. Griffin v. United States, 87 U. S.App.D.C. 172, 183 F.2d 990, 993, where the court said that "the case emphasizes the necessity of disclosure by the prosecution of evidence that may reasonably be considered admissible and useful to the defense." [11] True, the hearing here was not a criminal trial. But its effects on defendant might be fully as important.

We deem it appropriate to quote, as apposite here, Judge Hincks' closing remarks in Geyer's case: "While, of course, the verdict of acquittal is a final determination of the pending charge based, as I hold, on an illegal classification, nothing in the Constitution or the Act precludes further proceedings under the Selective Service System or a successful prosecution for refusal to comply with an order for induction based upon another, and valid, order of classification, if any such shall be made."

Reversed.

---

11. Cf. United States ex rel. Montgomery v. Ragen (D.C.Ill.), 86 F.Supp. 382, 387.