## UNITED STATES v. GRAHAM.

### Cr. A. 23616.

United States District Court
W. D. Kentucky, Louisville.

Dec. 19, 1952.

Charles F. Wood, Asst. U. S. Atty., Louisville, Ky., for the United States.

Ernest Woodward, II, Louisville, Ky., for defendant.

SHELBOURNE, Chief Judge.

The defendant was indicted October 1, 1952, for unlawfully, willfully and knowingly failing to perform a duty required under the provisions of the Selective Service Act of 1948, 50 U.S.C.A. § 451 et seq., and the regulations issued pursuant thereto.

It charges that he refused to submit to induction when ordered so to do by the Local Board at Louisville, Kentucky, to which he was subject pursuant to the Act.

The case was tried to the Court without a Jury and submitted upon a stipulation consisting of defendant's file under the Selective Service System and a stipulation that defendant had refused to submit to induction at the ceremony of induction.

Substantially, the facts are: that on November 20, 1948, defendant was a member of the National Guard and was placed in Class 1-D. October 7, 1949, he requested discharge from the National Guard and subsequently was discharged. July 18, 1950, he filed with the Local Board, forms upon which he certified that he was a conscientious objector both to combatant and noncombatant military service.

September 29, 1950, he was classified as a conscientious objector, and on October 6, 1950, he was notified of this classification. On October 14, 1950, he notified the Local Board that although he was a conscientious objector, he desired to be classified as a Minister.

October 27, 1950, the Local Board reclassified the registrant in IV-E. Novem-

ber 8, 1950, the Local Board forwarded the file to the Appeal Board and on December 20, 1950, he was classified in 1–A. January 8, 1951, the State Director in charge of Selective Service ordered the Appeal Board to refer the file to the Department of Justice and a hearing was held on May 22, 1951 before Judge James W. Stites, Hearing Officer for the Department of Justice.

The Hearing Officer was of opinion that "it would seem reasonable to classify him as a 'Minister' within the decision of the United States Circuit Court of Appeals, Sixth Circuit, in Niznik v. United States, 184 F.2d [972] 973."

The Hearing Officer has no authority to consider defendant's classification as a "Minister" but concluded that defendant is a conscientious objector opposed by reason of his religious training and belief to service in combatant or non-combatant branch of the military service and noted that there was no evidence to the contrary.

His recommendation was that defendant be classified as a conscientious objector.

Notwithstanding this hearing and the recommendation, the National Selective Service Appeal Board, on February 18, 1952, classified defendant as 1–A and pursuant to that classification, he was ordered to report for physical examination and having been found physically fit for military service, was ordered inducted.

Defendant reported for induction, but refused to step forward in the ceremony for final induction.

It is the Government's contention, in its brief, that because the defendant did not claim deferred classification as a Minister or a conscientious objector when he first filed the questionnaire in November 1948, that the Board properly classified him in 1–A.

As noted by the Hearing Officer from the Department of Justice, there is no indication that the defendant's claim for ministerial classification and as a conscientious objector is false or fictitious. His claim is supported by the highest authority of the Religious Organization in which he claims membership and of which he claims to be a Minister—that is Jehovah's Witnesses.

It would be folly to allow a defendant to make claim for classification other than the original classification, if the Local Board or the Appeal Board is to consider only the factual situation reflected in the original questionnaire filed by the registrant.

Nothing appearing to contradict or impeach the verity of his claim as a conscientious objector and as a Minister, it is adjudged by this Court that the classification of the defendant in 1–A is without any factual foundation.

It is therefore the judgment of the Court that the indictment be dismissed and the defendant go hence without day.