## UNITED STATES v. LIBERATO.
### Cr. 13706.

United States District Court
W. D. Pennsylvania.
Jan. 23, 1953.

Philip O. Carr, Asst. U. S. Atty., Pittsburgh, Pa., for United States.

Michael Hahalyak, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This is a criminal non-jury trial based on alleged violation of the Selective Service Act, 50 U.S.C.A.Appendix, § 462(a).

Defendant, a registrant at Local Board No. 23, Ambridge, Pennsylvania, filed his questionnaire on October 5, 1948. Selective Service Form No. 150 was filed by him January 4, 1949. He was classified 4E January 5, 1949, as opposed to military and non-combatant service in the Armed Forces.

On February 8, 1951, by virtue of amended regulations effective January 1951, defendant was reclassified 1A. He was ordered to report for physical examination February 26, 1951, and was found acceptable March 5, 1951.

On March 13, 1951 an appeal was forwarded to the Appeal Board. On March 20, 1951, the board determined that the defendant should not be reclassified in either 1AO or 4E.

Upon issuance of new Selective Service regulations, defendant was sent a form that he sign for either combat or non-combatant duty for two years, or make himself available for work assignment to be determined by the President of the United States.

In Special Form for Conscientious Objector, pursuant to Claim for Exemption, the following is posed:

"I am, by reason of my religious training and belief, conscientiously opposed to participation in war in any form and I am further conscientiously opposed to participation in noncombatant training or service in the armed forces. I, therefore, claim exemption from combatant training and service, and if my claim is sustained, I understand that in lieu of induction into the armed forces, I will, because of my conscientious objection to noncombatant service in the armed forces, be ordered, *subject to such regulations as the President may prescribe*, to perform for twenty-four (24) consecutive months, such civilian work contributing to the maintenance of the national health, safety, or interest as the local board may deem appropriate." (Italics supplied)

"_____

Signature of Registrant"

Defendant failed to subscribe his signature thereto, but in the alternative inserted the following:

"First I would like to know what the President will prescribe."

The Local Board or no representative of the Selective Service answered said inquiry.

Defendant was ordered to report for induction on April 17, 1952, was found acceptable, but refused to be inducted.

Defendant is a member of the Jehovah Witness faith, and is one of a long series of members of this faith who has appeared before this court refusing to make himself available for either combat or non-combatant duty.

■ The transitory and ephemeral nature of defendant's religious activity together with the extremely limited scope of defendant's training and preparation for the ministry have convinced me by the preponderance and weight of the evidence that defendant in no way could be categorized as a minister as intended by the Selective Service Act and regulations.

Nevertheless, the crucial issue is posed as to whether the action of the Local Board in classifying defendant was void because it failed to provide him with an answer to his interrogatory:

"First I would like to know what the President will prescribe."

Whether the fact be of importance or not, it appears that the board had before it and acted upon defendant's claim to deferment as a minister and conscientious objector.

■ The law is well established that every registrant has a right to appear and discuss his classification with the Local Board and direct attention to information which he believes will assist it in determining a proper classification.

■ If a Local Board refuses to consider new information offered by the registrant at the time of his personal appearance or refuses to receive new information which the registrant endeavors to offer, he is thereby denied due process of law. United

States v. Zieber, 3 Cir., 161 F.2d 90; United States v. Stiles, 3 Cir., 169 F.2d 455.

■ The test of whether a draft board's actions may be attacked is whether it receives and considers what a particular registrant submits. Ex parte Stanziale, 3 Cir., 138 F.2d 312; Davis v. United States, 6 Cir., 199 F.2d 689.

It is most doubtful whether the Draft Board could be deemed to have received and considered defendant's case, without having answered the defendant's interrogatory, and afforded him an opportunity to accept or reject non-combatant service after his inquiries pertaining thereto were satisfactorily answered.

No apparent distinction exists between the right of a registrant to personally appear before a board and direct attention to information which he believes necessary to assist the board in determining his proper classification, and the duty of a board to provide a registrant with answers to interrogatories so that such registrant can make unequivocal answers to questions posed him, and thus provide the board with a basis upon which to render a fair determination.

I am cognizant of the considerable burden imposed upon the United States Attorney's office in handling the burdensome load of the congested criminal docket of this district, and I wish to categorically state that this opinion in no way is intended to reflect any criticism on the prosecution of this case.

■ The procedure to be followed by the draft authorities where a registrant claims exemption from both combatant and noncombatant service on the basis of a conscientious objector is set out in detail in the Selective Service Act, and must be followed. United States v. Nugent, 2 Cir., 200 F.2d 46.

■ By reason of Draft Board's No. 23 failure to furnish defendant such information as requested, from which defendant could have rendered a precise and unequivocal answer as to his willingness to make himself available for a work assignment to be determined by the President of the United States, it is my judgment that the Government has failed to establish beyond a reasonable doubt defendant's evasion of the Selective Service Act, and defendant is adjudged not guilty.

The preservation of this Democracy requires all available physically fit men to answer the call to colors when need exists, and I would suggest that the Selective Service authorities arrange forthwith to process the defendant for induction anew in accordance with existing law, and the rules herein enunciated.

■ Although the verdict of acquittal is a final determination of the pending charge, nothing in the Constitution of the United States or the Act precludes further proceedings under the Selective Service System or a successful prosecution for refusal to comply with an order of induction based on another, and valid, order of classification, if any such shall be made. United States v. Nugent, supra.

An appropriate order is entered.