**UNITED STATES v. COTIE.**

No. 6014–C.

United States District Court
W. D. New York.

Aug. 25, 1953.

John O. Henderson, U. S. Atty., Buffalo, N. Y., by Henry W. Killeen, Buffalo, N. Y., Asst. U. S. Atty., of counsel, for U. S.

Clyde W. Summers, Buffalo, N. Y., for defendant.

KNIGHT, Chief Judge.

Trial was had on July 30, 1953 to the Court without a jury—trial by jury having been waived. The issue is whether or not

under the circumstances of the case the Selective Service System has failed to take certain procedural steps which defendant claims are necessary to his proper processing.

The pertinent facts are contained in the file of Local Board No. 89 of the Selective Service System, sitpulated in evidence, relating to defendant. From the file it appears that defendant was born September 9, 1932; that defendant received the usual questionnaire (S.S.S.100) from his Local Board mailed October 5, 1951, which was returned to the Board and received by it October 16, 1951, with his signed request at Series XIV thereon for Special Form for Conscientious Objector (S.S.S. Form 150); that supporting certificates and affidavits were received by the Local Board from defendant on Dec. 6, 1951; that defendant received the Special Form and to questions 2, 3, 4, 5, 6, 7 of Series II, and questions 2(a), 2(b), 2(e), 3 of Series IV, which are not answered in the places provided on the Form, reference is made to six sheets of paper attached thereto; that the Special Form was stamped by the Local Board "Dec. 7, 1951" and "Dec. 14, 1951"; that defendant received from the Local Board his classification notice of I-A on December 24, 1951, and wrote a letter to Local Board No. 89 on that date requesting permission for a personal appearance before the Local Board to support his claim for a "4-D" classification; that a hearing date was set for January 4, 1952 at 3:45 P.M. at which time hearing was had; that the incomplete minutes of the hearing consisting of one page, typewritten, contain the following:

"Q. Do you want to appeal your I-A Classification for a I-AO? A. No, we do not want a I-AO classification, we wish to have a 4-E Classification as ministers.

"Q. Are you an ordained minister? A. I am—I was ordained by water immersion.

"Q. What was the date? A. April, 1951.

"Q. Are you a conscientious objector? A. I object only to fighting, in any form. We are opposed to battle.

"Q. Do you go to a regular school? A. Yes.

"Q. Where is this school located? A. 1632 South Park Avenue.

*     *     *     *     *     *

"Q. (Without previous mention in the minutes) What is this service work that you mention? A. That is house to house preaching of the gospel.

*     *     *     *     *     *

"Q. (Without previous mention in the minutes) You are talking about doing something for mankind, don't you think you could do a lot of good in the army? There is a lot of good that could be done there. A. A lot of good could be accomplished, but I would not be free to do as I wished.

"Q. You don't qualify as an ordained minister. Whatever decision we may come to may be appealed by you if you choose.

"Decision I-AO"

Defendant received notice of reclassification as I-AO on Jan. 8, 1952 and wrote the Local Board on January 17, 1952, acknowledging its receipt and stating that he was seeking a classification of "4-D, as a duly ordained minister of Jehovah's Witnesses," and asking for submission of the "letter of Appeal to the proper appeal authorities" to which letter was attached a letter addressed to the Selective Service System Appeal Board; that defendant's cover sheet and file were transmitted by the Local Board to the Appeal Board, Western District of N. Y. on February 12, 1952; that defendant's cover sheet and file were returned to the United States Attorney at Buffalo, New York, on March 24, 1952, after the Appeal Board had reviewed the case and determined that defendant should not be classified I-O or lower and in its accompanying letter stated that the file is transmitted to the United States Attorney for inquiry and hearing as prescribed by the Universal Military Training and Service Act and Selective Service Regulation, Section 1626.-25; that the file was thereupon transmitted to the Hearing Officer; that the United States Attorney on September 9, 1952, requested the Hearing Officer to return the file to him inasmuch as no hearing had been had by the Hearing Officer in order that the

file might be transmitted to the Appeal Board for its proper consideration; that the Hearing Officer wrote the United States Attorney on September 10, 1952, with respect to the defendant, as follows:

"The indicated actions to be taken in the matter of Gordon Joseph Cotie, conscientious objector, the file in which is returned herewith, suggests that all appeals by conscientious objectors who are Jehovah Witnesses, which involve as all of them presently do, the claim for classification as a minister of Religion, should be disposed of by the local appeal board.

"These claimants practically without exception stress the claim for ministerial deferment and regard the basic conscientious objector claims as more or less incidental and in support of the ministerial issue. I have one or two such cases before me and in view of the attitude of the department as expressed to me a week or two ago requesting the return of a file in which a hearing had been held, it would seem a waste of time to conduct those hearings."

The United States Attorney delivered the file to the Appeal Board where it was received "Sep 18 1952"; that the file was then sent by the Appeal Board to the State Headquarters, Selective Service System, Albany, New York, and was returned by State Headquarters to the Local Board on October 6, 1952 with a covering letter in which it stated, "This case has been considered by the appropriate appeal board. The registrant was placed in Class I–A–O by a vote of 5–0"; that the Local Board on November 13, 1952, sent to the defendant an Order to Report for Armed Forces Physical Examination; that defendant was examined and "found fully acceptable for induction into the armed services"; that the Record of Induction bearing stamp of the Local Board dated "Nov 25 1952" shows "4. conscientious objector—Yes"; that Local Board No. 89 on December 24, 1952, sent to defendant its Order to Report for Induction; that in a letter from the Assistant Recruiting Officer to the United States Attorney, it appears defendant "was delivered for induction by Local Board No. 89" and he there "stated that he was a recognized minister of the Jehovah Wit-

nesses and felt that he should be given a 'Ministers' classification by the Selective Service System. It was on this basis that he refused to submit to induction;" that an open indictment against defendant was returned by the Federal grand jury on March 24, 1953, for refusing to be inducted into the armed services of the United States "in violation of Sec. 462, T. 50 U.S.C. (App.)"; that on April 13, 1953, defendant was arraigned before this Court on said charge "and entered a plea of 'not guilty'."

From the facts one might have a derogatory opinion of Jehovah's Witnesses in general and conclude that their claims for exemption or deferment were merely for the purpose of evading military service. Every registrant, whether he be Jehovah's Witness or otherwise, is entitled to have his status determined on the facts in his case. It must be determined in this case that defendant asserted he was a conscientious objector from the filing of Form S.S.S. 100 to the time of the trial. Further, defendant made known his desire to be given a classification as a minister, which included his conscientious objection. Every determination of the Local Board, except for its initial determination of I–A, and of the reviewers and induction officials considered defendant to be a conscientious objector and classified him as I–A–O. Under the provisions of Selective Service Regulations, § 1626.25, the procedure upon appeals relative to conscientious objectors is prescribed. The defendant was entitled to have every right afforded him under the law and regulations preserved. United States v. Graham, D.C., 108 F.Supp. 794; Ex parte Fabiani, D.C., 105 F.Supp. 139; United States v. Romano, D.C., 103 F.Supp. 597; United States v. Stiles, 3 Cir., 169 F.2d 455; Cox v. Wedemeyer, 9 Cir., 192 F.2d 920; United States v. Strebel, D.C., 103 F.Supp. 628; Chih Chung Tung v. United States, 1 Cir., 142 F.2d 919; United States v. Liberato, D.C., 109 F.Supp. 588. On the return of defendant's file to the United States Attorney by the Appeal Board, it was stated in the letter of transmittal that the inquiry and hearing prescribed by the Act and Regulations should be had. After the matter had been called to the attention

of the United States Attorney, neither the inquiry nor the hearing were had. Defendant never waived the irregularity and still persists in his claim that he should be classified IV–E, as a minister, in addition to being a conscientious objector, which might also result in the classification IV–E.

Nothing appearing in the file to contradict or impeach the verity of defendant's claim as a conscientious objector and as a minister, the primary classification by the Local Board was without factual foundation. United States v. Graham, D.C., 109 F.Supp. 377.

It is found that the defendant was not provided the inquiry and hearing prescribed by the Military Training and Service Act and Selective Service Regulations as required thereby, and it is concluded that the defendant is entitled to and hereby is granted a judgment of acquittal.