**UNITED STATES v. GILLIS.**
**Cr. No. 14011.**

United States District Court,
W. D. Pennsylvania.
June 11, 1954.

John W. McIlvaine, U. S. Atty., Pittsburgh, Pa., for United States.

Michael Hahalyak, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

Defendant appears before this court in a criminal non-jury trial based on alleged violation of the Selective Service Act, 50 U.S.C.A.Appendix, § 462(a).

Defendant, a registrant with the Local Draft Board in Charleroi, Pennsylvania, filed a questionnaire with the Board claiming exemption as a conscientious objector.

Upon being classified 1–A, defendant requested a personal hearing before his Local Board within the prescribed ten-day period, but was denied the opportunity of a personal hearing.

He thereupon appealed to the Board of Appeals asserting the right to exemption as a minister, but the Appeal Board, without passing on the appeal, referred the file to the Local Board to determine whether defendant was entitled to a ministerial classification, and to the Department of Justice to determine whether defendant was entitled to a conscientious objector's classification.

Hearings were held before the Local Board and the Department of Justice; the former as to whether defendant was entitled to a ministerial classification, and the latter as to whether defendant was entitled to classification as a conscientious objector.

Without classifying defendant or disposing of his request for classification as a minister, or notifying him of any classification, the Local Board classified defendant 1–O, or conscientious objector, upon the recommendation of the Department of Justice.

The denial of a personal hearing to defendant by the Local Board in the first instance was undoubtedly violative of the right of any registrant to be heard, but the subsequent hearing granted him vitiated any prejudice from which he might have suffered. U. S. v. Stiles, 3 Cir., 169 F.2d 455; U. S. v. Crawford, D.C., 119 F.Supp. 729.

Defendant contends that the failure of the Local Board to reclassify him following his appearance before it constitutes a denial of procedural due process.

Section 625.2(c), 32 C.F.R.Cum.Supp. 625.2(c) of the Selective Service Regulations, provides, inter alia,

"After the registrant has appeared before the member or members of the Local Board designated for the purpose, the local board shall consider the new information which it receives and shall again classify the registrant in the same manner as if he had never been classified."

■ Such a right to reclassification is a crucial provision underlying the vital element of procedural due process. The language is interpreted with such stringent effect as to require the classification anew of each registrant who makes a personal appearance before the board even though he furnishes the board with no new information. U. S. v. Stiles, supra; U. S. v. Hagaman, 3 Cir., 213 F.2d 86.

■ The flagrant and arbitrary denial of reclassification constitutes a substantial violation which is not a mere technical irregularity.

I have always believed that extreme caution and meticulous care must be exercised when the liberty of a citizen is in jeopardy and that constitutional guarantees must remain unsullied by the slightest tinge of denial of every right manifested in the law.

■ The procedure to be followed by the draft authorities where a registrant claims exemption from both combatant and noncombatant service on the basis of a conscientious objector is set out in detail in the Selective Service Act, and must be followed. U. S. v. Nugent, 2 Cir., 200 F.2d 46.

■ The preservation of this Democracy requires all available physically fit men to answer the call to colors when need exists, and I would suggest that the Selective Service authorities arrange forthwith to process the defendant for induction anew in accordance with existing law, and the rules herein enunciated.

Although the verdict of acquittal is a final determination of the pending charge, nothing in the Constitution of the United States or the Act precludes further proceedings under the Selective Service System or a successful prosecution for refusal to comply with an order of induction based on another, and valid order of classification, if any such shall be made. United States v. Nugent, supra.

An appropriate order is entered.