UNITED STATES of America, Plaintiff-Appellee,

v.

John Paul BENDIK, Defendant-Appellant.

No. 154, Docket 23277.

United States Court of Appeals, Second Circuit.

Argued Feb. 8, 1955.

Decided March 10, 1955.

J. Edward Lumbard, U. S. Atty., for the Southern Dist. of N. Y., New York City (Boudinot P. Atterbury, Asst. U. S. Atty., New York City, of counsel), for plaintiff-appellee.

Frederick J. Waters, New York City, for defendant-appellant.

Before CLARK, Chief Judge, HINCKS, Circuit Judge, and SMITH, District Judge.

SMITH, District Judge.

This is an appeal from a conviction for wilful failure to report for induction into the Armed Forces of the United States in violation of the Universal Military Training and Service Act, 50 U.S. C.A.Appendix, § 462.

The appeal is based on claims of double jeopardy, erroneous classification, error in exclusion of testimony as to appellant's sincerity, and unconstitutionality of the conscientious objector provisions of the Act as discriminatory against agnostics.

Bendik registered with his local board in New York City September 15, 1948, was classified I–A, had his pre-induction physical examination, was found acceptable and was so notified.

An order to report for induction was mailed to Bendik February 8, 1951, for induction February 26, 1951.

Bendik requested a change in classification based on conscientious objection, although specifically disavowing belief in a Supreme Being.

On February 19, 1951, Form 150 was received by the board, the order to report for induction was cancelled, and an appeal to the Appeal Board granted.

The appeal was denied and I–A classification affirmed. After another order to report for induction in California on a requested transfer, and refusal to report by Bendik, an order to report for induction was mailed on January 23, 1952 to report in New York on February 13, 1952. By letter dated February 1, 1952, received by the board February 11, 1952, Bendik refused to report for induction and did not report for induction February 13, 1952.

On April 1, 1952 an indictment was returned charging that Bendik had refused to comply with an order to report for induction on or about the 13th day of February, 1951 (sic). He went to trial on this indictment and after the jury had been impanelled and sworn it appeared from the opening statement of the prosecution that the indictment had been amended to charge refusal to comply with an order to report for induction on or about the 13th day of February, *1952*. The government conceded that it could not prove an order to report for induction in 1951 and thereupon the defendant's motion for acquittal was granted.

A second indictment was returned on July 1, 1952 charging Bendik with refusing to report for induction on or about the 13th day of February, *1952*.

On this indictment Bendik was tried and convicted.

■ He claims error on the ground of double jeopardy. This claim must fail. It may be conceded that he was placed in jeopardy on his first trial, a jury having been sworn and a verdict on motion had. Sanford v. Robbins, 5 Cir., 115 F.2d 435; Hunter v. Wade, 10 Cir., 169 F.2d 973. The two indictments, however, charge separate crimes. Bendik was under a continuing duty to report for induction when ordered. Goodrich v. United States, 5 Cir., 146 F.2d 265; Self v. United States, 4 Cir., 150 F.2d 745. A charge of refusal to report on order in February 1951 would support a conviction if proved. A charge of refusal to report in February 1952 on an order subsequent to February 1951, would, if proved, support also a conviction of that separate crime. Here the order, for refusal to obey which Bendik was convicted, was mailed January 23, 1952, to report February 13, 1952.

■ The second claimed ground of error was the exclusion of proffered testimony by the accused of the sincerity of his conscientious objection as bearing on the issue of wilfulness. R. p. 111–115. The ruling was correct. Sincerity of conscientious objection in itself is immaterial to the issue of wilfulness. There is no question here but that Bendik knew of the order to report and deliberately chose to disobey it. Given the required knowledge and purpose to disobey, the philosophical basis of the purpose makes no difference here. cf. Townsend v. United States, 68 App.D.C. 223, 95 F.2d 352. Reynolds v. United States, 98 U.S. 145, 162, 167, 25 L.Ed. 244.

The third claimed ground of error related also to defendant's claim to classification as a conscientious objector, the claim being the proferred evidence should have been received to show that the classification was invalid and without basis in fact because founded on an erroneous and unconstitutional interpretation of the Act to deny deferment as a conscientious objector to one having sincere scruples of conscience against military service, although professing no belief in a Supreme Being.

Bendik did not exhaust his administrative remedies by reporting for induction and final physical examination. His right to attack his classification is therefore doubtful. Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305; Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567.

His claim that nothing further remained to be done but take the one step forward for induction is without foundation, for the possibility existed if he reported for induction of rejection on the final physical checkup. United States ex rel. Flakowicz v. Alexander, 2 Cir., 164 F.2d 139, certiorari denied Flakowicz v. Alexander, 333 U.S. 828, 68 S.Ct. 453, 92 L.Ed. 1114; United States v. Balogh, 2 Cir., 160 F.2d 999, certiorari denied 331 U.S. 837, 67 S.Ct. 1522, 91 L.Ed. 1850.

In any case, the sincerity of his conscientious scruples against service was immaterial, since admittedly they were not founded on belief in a Supreme Being, a requirement as a ground for deferment under the Act. 50 U.S.C.A. Appendix, § 456(j). Berman v. United States, 9 Cir., 156 F.2d 377, certiorari denied 329 U.S. 795, 67 S.Ct. 480, 91 L.Ed. 680. The board's classification did not lack basis in fact, therefore, and must be upheld unless the provision of the Act is unconstitutional.

Grant of the deferment is an act of legislative grace, for no one has a constitutional right to exemption from military service. United States v. Nugent, 346 U.S. 1, 9, 73 S.Ct. 991, 97 L.Ed. 1417; In re Summers, 325 U.S. 561, 572, 65 S.Ct. 1307, 89 L.Ed. 1795; United States v. Macintosh, 283 U.S. 605, 623–624, 51 S.Ct. 570, 75 L.Ed. 1302; Richter v. United States, 9 Cir., 181 F.2d 591, certiorari denied 340 U.S. 892, 71 S.Ct. 199, 95 L.Ed. 647.

The Congress may have felt that extension of the act of grace beyond the traditional recognition of religious objectors, to the philosophic objector, would be too difficult of administration or undesirable in principle.

Where a statutory classification has reasonable relation to legitimate legislative ends and is supported by considerations of policy and practical convenience, it is not arbitrary. Lapides v. Clark, 85 U.S.App.D.C. 101, 176 F.2d 619, certiorari denied 338 U.S. 860, 70 S.Ct. 101, 94 L.Ed. 527, rehearing denied 338 U.S. 888, 70 S.Ct. 187, 94 L.Ed. 545; Steward Machine Co. v. Davis, 301 U.S. 548, 584, 57 S.Ct. 883, 81 L.Ed. 1279.

We cannot say that defendant here has been unreasonably discriminated against or that he may require the extension of the boundaries of the deferment to reach his case. cf. George v. United States, 9 Cir., 196 F.2d 445, 452; Wolfe v. United States, 6 Cir., 149 F.2d 391.

Conviction affirmed.