**William Alex KARIAKIN, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 15977.**

United States Court of Appeals
Ninth Circuit.

Oct. 30, 1958.

Lionel Richman, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Thomas R. Sheridan, Robert John Jensen, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before CHAMBERS, BARNES and HAMLIN, Circuit Judges.

HAMLIN, Circuit Judge.

Appellant was convicted of knowingly refusing and failing to report for induction in the armed forces of the United States (50 U.S.C.A.Appendix, § 462). Trial was had before a District Judge sitting without a jury.

Appellant thereafter gave notice of appeal and filed the following statement of points on appeal:

1. The evidence was insufficient to sustain the judgment of conviction.

2. The local board inferentially set aside the classification of appellant and waived his failure to report.

3. The local board deprived appellant of due process of law by its failure to reclassify him on or after October 11, 1956.

The evidence, which consists of the appellant's Selective Service file of his local draft board, shows substantially the following facts.

In 1953, appellant, after being classified I-A, was ordered to report for induction in the armed forces. He refused to be inducted into the armed forces. Thereafter, an indictment was found by the Grand Jury against him, upon which he was tried before the District Court. On January 12, 1954, he was acquitted

by the District Court by reason of a procedural error prior to his being ordered to report for induction.[1]

The local draft board requested authority to reopen and reclassify the appellant, and permission so to do was granted in a letter dated February 15, 1954, from the Coodinator of District 5 acting "for the State Director". Thereafter, he was classified I-A by the local board, took an appeal therefrom, was classified I-A by the appeal board; and eventually on September 14, 1954, after failing to report for induction, the matter was again before the appeal board. On August 27, 1956, the appeal board again classified him I-A. Thereafter, on September 21, 1956, the appellant was ordered to report for induction upon October 4, 1956. He wrote a letter to the local board, which was received by it on October 3, stating that he refused to report for induction because he was a conscientious objector.

On October 8, 1956, the local board received papers from the induction station indicating that appellant had failed to report for induction, and on October 9, 1956, the local board wrote a letter to appellant asking him to appear before the local board on or before October 15.

On October 11, 1956, the appellant went to the local board, wrote out a copy of the letter which had been received by the local board from appellant on October 3, in which he had stated that he would refuse to report for induction. He, at this time, also completed a dependency questionnaire (SSS Form No. 118),

showing that no one was wholly or partially dependent upon him for support.

Thereafter, Board 113 decided on November 1, 1956, not to reopen appellant's classification, so notified the appellant by letter of November 2, 1956, forwarded his file to the State Director of Selective Service, and in due course an indictment was found by the appropriate Grand Jury charging appellant with violation of § 462 Title 50 U.S.C.A.Appendix.

█ Regulation 1642.41(a) [2] describes the procedure to be followed where a registrant fails to report for induction. This regulation was followed by the Board as shown by the appellant's Selective Service file. Appellant contends that some of the entries therein relative to his failure to report are hearsay. However, he nowhere contends that he did report. The file was admitted into evidence without objection by his experienced counsel. Regardless of whether his counsel had made objection, the file was admissible as an official record under Rule 44, Federal Rules of Civil Procedure, 28 U.S. C.A.

█ As proof of his failure to report on October 4 as required by the notice of the Board, there is contained in the file a letter dated October 1 by appellant, saying he *refused* to report; a notation on the minutes of the local board on October 8, 1956, "Papers ret'd. from Ind. Sta. Failed to Report for Induction"; and a record of his appearance at the local board on October 11, 1956 (one week after he was supposed to report

---

1. The basis of the acquittal was the error of the Hearing Officer in failing to use the proper form to notify Kariakin of his right to ask for any adverse information that might be contained in his file at that point.

2. "1642.41(a). Report of Delinquent to United States Attorney.—(a) Every registrant who fails to comply with an Order to Report for Induction (SSS Form No. 252) or an Order for Transferred Man to Report for Induction (SSS Form No. 253) shall be reported promptly to the United States Attorney on Delinquent Registrant Report (SSS Form

No. 301) ; provided that if the local board believes by reasonable effort it may be able to locate the registrant and secure his compliance, it may delay the mailing of such Delinquent Registrant Report (SSS Form No. 301) for a period not in excess of 30 days. A copy of such Delinquent Registrant Report (SSS Form No. 301) shall be placed in the delinquent's Cover Sheet (SSS Form No. 101). The local board may report any other delinquent registrant to the United States Attorney by letter stating all the circumstances. A copy of such letter shall be placed in the delinquent's Cover Sheet (SSS Form No. 101)."

for induction), at which time appellant wrote out a copy of his letter of October 1 (refusing to report).

We hold there was ample evidence to sustain the judgment of conviction.

The appellant next contends that "in re-opening the question of appellant's classification [after October 4 when he failed to report], the local board barred the prosecution of appellant". The short answer to this claim is that the question of appellant's classification was not re-opened and there is no evidence in the record so showing. The evidence is all to the contrary and appellant was so notified in writing on November 2, 1956.

■ Appellant also contends that "The failure of the local board to reclassify appellant on or after October 11, 1956, deprived appellant of due process of law."

It can be seen that appellant's counsel has no inhibitions against taking inconsistent positions.

The file discloses that none of the requirements set forth in the regulations for re-opening or reclassifying appellant was shown to have been present. The cases cited by appellant on this issue are not in point.

Appellant also contends that all of the actions of the local board after January 13, 1954 (the date of his acquittal) are void.

(This contention was not raised upon appellant's points on appeal and is apparently an afterthought.)

■ The position of appellant upon this issue is that § 1625.3 of the Regulations provides that the local board may re-open and consider anew the classification of a registrant "upon the written request of the State Director of Selective Service or the Director of Selective Service * * *". And that because on February 15, 1954, the authority to the local board to re-open the classification was granted by the District Coordinator, that it is therefore void.

Regulation 1604.1 and subsection (g) provide:

"1604.1. The Director of Selective Service shall be responsible directly to the President. The Director of Selective Service is hereby authorized and directed:

"(g) To delegate any of his authority to such officers, agents, or persons as he may designate, and to provide for the subdelegation of any such authority."

In this case the evidence shows that in a letter dated 15 February 1954 addressed to Local Board 113, the Coordinator of District 5, referring to appellant, stated among other things, "Under authority vested in me by the State Director of Selective Service for the State of California, the registrant's classification is hereby reopened under the provision of § 1625.3." We see no merit in this point.

Finally, appellant claims that he has been once in jeopardy by reason of the prior acquittal. (This claim is also an afterthought, as it was not raised upon appellant's points on appeal.) We disagree also with appellant upon this point.

■ Kariakin was under a continuing duty to report for induction when ordered and notified of such order. Goodrich v. United States, 5 Cir., 1944, 146 F.2d 265; Self v. United States, 4 Cir., 1945, 150 F.2d 745. Notwithstanding his prior acquittal for refusal to report on June 15, 1953, Kariakin was here convicted of a separate crime—refusal to report for induction on October 4, 1956. His former acquittal does not prevent a subsequent prosecution for failure to comply with this later order of the local board. United States v. Bendik, 2 Cir., 1955, 220 F.2d 249; United States v. Nugent, 2 Cir., 1952, 200 F.2d 46, reversed on other grounds in 1953, 346 U.S. 1, 73 S.Ct. 991, 97 L.Ed. 1417; United States v. Geyer, D.C.Conn.1952, 108 F. Supp. 70; United States v. Liberato, D.C.Pa.1953, 109 F.Supp. 588.

The judgment of conviction is affirmed.