UNITED STATES of America,
Plaintiff-Appellee,

v.

Donald Peter VAN HOOK, Defendant-
Appellant.

No. 12967.

United States Court of Appeals
Seventh Circuit.

Nov. 22, 1960.

Rehearing Denied, En Banc,
Jan. 10, 1961.

Francis Heisler, Mark L. Schwartzman, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., S. John Templeton, Jr., Asst. U. S. Atty., Chicago, Ill., for appellee. John Peter Lulinski, Howard R. Kaufman, Asst. U. S. Attys., Chicago, Ill., of counsel.

Before HASTINGS, Chief Judge, KNOCH, Circuit Judge, and MERCER, District Judge.

KNOCH, Circuit Judge.

Defendant was indicted for felonious refusal to submit to induction in violation of the Universal Military Training and Service Act, 50 U.S.C.A.Appendix, § 451 et seq. He pleaded not guilty and waived trial by jury. The District Court found defendant guilty and sentenced him to imprisonment for three years. Defendant brought this appeal.

The order to report for induction was based on a Selective Service Classification of 1–A–O (non-combatant service with the United States Armed Forces) made by the Illinois State Appeal Board, to which defendant had appealed from a 1–A–O classification made by his local board in Sullivan County, Illinois.

Defendant contends that the government's exhibits B to B–36 (documents from defendant's Selective Service file) were improperly admitted in evidence. These dealt with defendant's prior refusal of induction in 1953. They were part of a file returned to the local board under date of May 10, 1955, for reprocessing in the light of recent court decisions, as a result of which the United States Attorney and the Illinois State Headquarters of the Selective Service System were then closing their file on defendant.

By virtue of the local board's failure to start proceedings anew, defendant argues that he was prevented from supplying such additional information as he might have provided had new questionnaires and forms been sent to him. He mentions, for example, that his religious convictions had deepened between 1952 and 1955. However, the record shows that defendant was given an opportunity to present to the local board and to the State appeal board, which considered the matter *de novo*, any additional statements or affidavits touching his requested classification of 1–O (conscientious objector to both combatant and non-combatant service).

It appears from the record that documents from the Selective Service file were admitted as official records. Government counsel when offering the file, made it clear at the outset that defendant was being tried solely for the 1957 refusal of induction (pursuant to defendant's 1957 classification) and not for defendant's prior refusal of induction in 1953 (pursuant to a 1951 classification). There was no jury. We are satisfied that the District Court considered only the relevant data.

Defendant also complains of the admission of government's exhibit B–59, a letter dated September 10, 1957, sent to the local board by the State appeal board, in which the appeal board states that its members have reached their conclusion that defendant should be classified 1–A–O on the basis of the facts set out before it, and independently of the conclusions of the local board.

The State appeal board, with the local board, and the Presidential appeal board, all have concurrent power to determine questions and claims respecting classification, and each considers anew the matter of appropriate classification independently of the others. Defendant contends that the local board failed to apply proper standards. He sought to prove at the trial that certain local board members refused to classify any registrant as 1–O, regardless of qualifications therefor, because, in ascertaining whether the local quota had been filled, 1–O classifications were not counted. Whether the local board applied proper standards was immaterial in view of the appeal board's consideration and classification *de novo*. United States v. Chodorski, 7 Cir., 1957, 240 F.2d 590, 591, certiorari denied 353 U.S. 950, 77 S.Ct. 861, 1 L.Ed.2d 858, and cases therein cited.

We cannot accept defendant's characterization of the appeal board's letter as a mere "self-serving document." It was an official record of the action taken, wherein the appeal board stated:

"We find we are in disagreement with certain conclusions of the local board as set forth in the memo-

randa of the actions taken by the local board in classifying this registrant. For this reason we are entirely ignoring all of the local board's conclusions as stated in their memoranda.

"We note that the registrant's file appears to be full and complete and that the registrant and all other interested parties have been given unlimited opportunity to place in his cover sheet all of the facts he desired to file or to have filed on his behalf in support of his claim as a conscientious objector."

Defendant invites our attention to Ypparila v. U. S., 10 Cir., 1954, 219 F.2d 465, as support for his position that the State appeal board's letter was an inadequate statement. In that case a State board had classified Ypparila as 1–A–O in January, 1952. The National Selective Service Appeal Board in January, 1953, classified him as 1–A. The Department of Justice had been reconsidering the status of Jehovah's Witnesses, in view of a recently published article indicating that Jehovah's Witnesses were not pacifists because they believed in participation in theocratic wars and in the Armageddon prophesied in Revelations. The Department of Justice began to rule that registrants who were Jehovah's Witnesses and who believed in participation in theocratic wars and Armageddon, were not conscientiously opposed to participation in war of any form.

The Court in the Ypparila case said that the National Board was not required to make formal findings or render opinions as a basis for its action, but that in the instant case, the Board should have indicated whether it disagreed with the findings of the prior adjudicators, or whether it was basing its classification on the legal proposition that Ypparila, being a Jehovah's Witness, could not claim he was conscientiously opposed to participation in war of any form. In the latter event, the Court thought that the Board's classification would have been arbitrary.

Defendant also relies on United States v. Wilson, 7 Cir., 1954, 215 F.2d 443. Kendall K. Wilson, a member of Jehovah's Witnesses, was classified 1–O by his local board. Although Wilson had applied for classification as a conscientious objector, he asserted that he was also entitled to classification as a minister of religion, and he appealed. The appeal board classified him 1–O. He then had his file sent to the National Director. The National Selective Service Board, without any further evidence, without seeing Wilson, on the basis of the contents of the file alone, classified him 1–A without stating any reason. This Court found nothing in the file inconsistent with the classification made by the local and appeal boards. The government argued that by insisting on classification as a minister, Wilson had abandoned his classification as a conscientious objector; that his employment as a railway operator and his willingness to participate in theocratic wars were inconsistent with conscientious objection to participation in war. This Court found these arguments without merit and held that the ruling of the National Selective Service Board was arbitrary, capricious and without basis in fact.

These cases are clearly distinguished from the case before us here.

■ It is defendant's position that no corpus delicti was established. One witness, a Federal Bureau of Investigation Special Agent, testified to defendant's admission, some months after the alleged act, that he "did not submit to induction on the morning of October 3, 1957." Defendant argues that this admission was insufficient proof.

■ The government also introduced, over defendant's objection, exhibit B–74, which reads as follows:

"3 October 1957
"U. S. District Attorney
"219 S. Clark Street
"Chicago, Illinois
"Dear Sir:

"In compliance with Paragraph 27b, Special Regulations 615–180–1, Department of the Army, dated 5 November 1951, the name and circumstances surrounding the refusal of VAN HOOK, Donald Peter, 1008 S. Hamilton St. Sullivan, Illinois, Selective Service Number 11 177 33 32, who refused to submit to induction into the Armed Forces of the United States is hereby submitted:

"Donald Peter Van Hook, was ordered to report for induction into the Armed Forces of the United States on Thursday, 3 October 1957 by Selective Service, Local Board No. 177, whose address is County Court House, Sullivan, Illinois. Mr. Van Hook refused induction on the grounds that he is a 'Conscientious Objector' and stated his religious belief 'Church of Jesus Christ' will not permit him to be inducted. Mr. Van Hook was asked to make a signed statement in his own handwriting confirming his refusal to submit to induction which he refused to do. It was explained to the registrant that his refusal to submit to induction would constitute a felony under the provisions of Selective Service Regulations, and was informed that a conviction of such a nature would subject him to punishment of either five (5) years of imprisonment and a fine of not more than $10,000.00 or both. Capt. Walter H. Schuttler, AGC, Capt. Victor C. Lien, Inf. and Sgt. Jack Paton, RA 36112640 were witnesses to the registrant's refusal to submit to induction.

"This matter is being referred to your office for necessary action.
"Very truly yours,
"W. H. SCHUTTLER
"Capt.          AGC
"Deputy CO for
"Induction"

Defendant objected to the admission of this document on the ground that it was hearsay, as Captain Schuttler was not present to be cross-examined. The District Court admitted the exhibit as an official document under authority of Title 28 U.S.C.A. § 1733(a):

"Books or records of account or minutes of proceedings of any department or agency of the United States shall be admissible to prove the act, transaction or occurrence as a memorandum of which the same were made or kept."

There are two main reasons given for this exception to the hearsay rule: (1) the practical necessity for use of such records, to which is attached the presumption of proper performance of official duty, and the likelihood that a public official would have no memory of his actions in making numerous similar entries; and (2) the inconvenience of calling to the witness stand all over the country, government officers who in the course of their duties have made such numerous similar written statements concerning events coming within their jurisdiction. Wong Wing Foo v. McGrath, 9 Cir., 1952, 196 F.2d 120, 123; Olender v. United States, 9 Cir., 1954, 210 F.2d 795, 801, 42 A.L.R.2d 736; Howard v. U. S., D.C.Cir., 1960, 278 F.2d 872, 873-874.

The precise method of induction is not prescribed by Congressional Statute nor Federal Regulation. Accordingly the Department of the Army has established a procedure by special regulation. The regulation in effect at the time Captain Schuttler wrote his letter reads:

"*Paragraph 28, Army Regulation 601–270, effective 5 April 1956:*

"*b. Registrants who refuse to submit to induction.* Any registrant removed from the group as prescribed in paragraph 24*b* and who persists in his refusal to submit to induction will be informed that such refusal constitutes a felony under the provisions of the Universal Military Training and Service Act, as amended. He will be informed further that conviction of an offense under civil proceedings will subject him to be punished by imprisonment for not more than 5 years or a fine of not more than $10,000, or both. He will then be informed again of the imminence of induction using the language specified in paragraph 24*a*, and his name and service again will be called. If he steps forward at this time, he will be informed that he is a member of the armed service concerned, using the language specified in paragraph 24*c*. If, however, he persists in refusing to be inducted, the following action will be taken:

(1) The registrant will be requested, but not required to make a signed statement, dated, in his own handwriting, as follows: 'I refuse to be inducted into the Armed Services of the United States.' Such statement should be witnessed by at least two witnesses who will affix their signatures to the statement. Registrants who refuse induction will not be furnished any means of transportation.

(2) Letter of notification of refusal to submit to induction will be prepared in quadruplicate. The original, together with the voluntary statement described in (1) above, will be submitted to the United States attorney for the district in which the registrant refused to be inducted. One copy will be forwarded to the State director, Selective Service System, of the State in which the registrant refused to be inducted; *one copy will be forwarded to the Selective Service local board which delivered the registrant for induction*; and the other copy will be retained at the induction station. Such notification will include the following information:

(a) Name and address of registrant.

(b) His Selective Service number.

(c) Number and address of the Selective Service local board which delivered the registrant for induction and, if different, the registrant's own Selective Service local board.

(d) A detailed statement of facts concerning the registrant's refusal to be inducted.

(e)˙ Names and addresses of witnesses."

In his letter, Captain Schuttler refers to Paragraph 27b, Special Regulations 615–180–1, dated November 5, 1951, which, at the time he wrote, had been superseded by the above quoted regulation. The new regulation reads almost word for word with 615–180–1 and contains identical provisions. We do not consider this clerical error of any material effect.

Captain Schuttler was acting pursuant to lawful command in recording the event. Defendant contends that insofar as Captain Schuttler does not state that defendant stood fast when his name and service were called, Captain Schuttler was merely expressing an opinion in stating that defendant refused induction. We cannot agree. The reference to the regulation, which prescribes the induction procedure; the report of defendant's statement, the warning given to defendant, the refusal to make a signed statement, and the names of the witnesses, all indicate that government's exhibit B–74 was properly admitted as an official document to prove the occurrence.

We are satisfied that the corpus delicti was established by the independent evidence of Captain Schuttler's letter and the testimony of the Special Agent, noted above.

Chernekoff v. U. S., 9 Cir., 1955, 219 F.2d 721, is clearly distinguished from this case. There the evidence showed that Chernekoff reported to the induction center, but was given neither the opportunity to step forward nor the prescribed warning. The Army deemed it useless to comply with the pertinent regulation because Chernekoff had said he would not step forward if asked to do so. The Court indicated that Chernekoff might have changed his mind after the warning and an opportunity to submit to induction.

■ The parties are agreed that the Trial Court's power of review is limited to determining whether there is a factual basis for the classification given. The Trial Court was not authorized to weigh the evidence to ascertain whether the classification was justified. Estep v. U. S., 1946, 327 U.S. 114, 122–123, 66 S.Ct. 423, 90 L.Ed. 567.

■ Defendant asserts that the Trial Court erred in failing to search the record to determine whether there was a basis in fact for denial of defendant's requested classification of 1–O. Defendant bases this contention on the assertion that there was no time for the Court to have studied the file before sentence was imposed. The record of the trial shows that the various documents were introduced separately, with brief descriptions of each. In the course of argument both counsel made references to various documents and their contents. For example, government counsel referred to the Pastor's statement that defendant's church maintained a business called Community Industries which undertook government contracts to provide such items as candy for servicemen and uniforms for nurses. At another point in the argument, the Court asked for the appeal board's letter. Government counsel showed the document to the Court and also read aloud from it. Counsel for defendant would surely have invited the Court's attention to inaccuracies in description or quotation. Defendant's counsel also described the contents of various portions of the file in some detail.

These descriptions alone could have provided adequate information for the Trial Court's limited scope of review: ascertaining whether there was a basis in fact for the classification given. He was not required to negative a basis for the classification requested by defendant.

We have examined all other arguments advanced by defendant and find them without merit. The judgment of the District Court is affirmed.