**UNITED STATES of America,
Plaintiff,**

v.

**Keith Allan KNUDSEN, Defendant.**
**No. 69–CR–16.**

United States District Court,
W. D. Wisconsin.

Jan. 7, 1971.

John O. Olson, U. S. Atty., James R. Mack, Asst. U. S. Atty., Madison, Wis., for plaintiff.

Percy L. Julian, Jr., Madison, Wis., for defendant.

---

## OPINION AND ORDER

JAMES E. DOYLE, District Judge.

Defendant has been indicted and tried for willfully and knowingly refusing to submit to induction into the armed services of the United States in violation of 50 U.S.C.App. § 462. The case was tried to this court without a jury on July 27,

28, and 29, 1970. At the conclusion of the government's case and again at the conclusion of all the evidence, defendant moved for a judgment of acquittal and the court reserved a ruling on the motion. Briefs have been submitted by both parties and the motion for judgment of acquittal is now properly before the court.

The government's case consisted entirely of the defendant's selective service file (plaintiff's exhibits 1, 3, 4, and 5), plus the testimony of an F.B.I. agent concerning certain admissions made to him by the defendant. The defendant contends that the government has not established that the defendant refused to submit to induction and that, therefore, he is entitled to a judgment of acquittal.

Aside from the testimony of the F.B.I. agent, the proof as to what occurred at the induction center is to be found exclusively in a carbon copy of a letter (included in plaintiff's exhibit 5) dated May 8, 1968, to the United States Attorney in Milwaukee from a Captain Dickinson.[1] It does not appear from the letter, nor was any affirmative showing made that Dickinson, who signed the letter, was a witness to the specific events at the induction center. The letter reports that the witnesses to the specific events were two enlisted men (Anderson and Leshishyn), and, as far as the record discloses, they did not sign any letter to the effect that they saw or heard the defendant do and say certain things. It therefore appears that, if Dickinson had been called at trial to testify to the events reported in his letter of May 8, his testimony would have been excluded as hearsay.

The Dickinson letter was originally offered into evidence as a part of defendant's selective service file on the basis of the testimony of a Miss Heiss, a field supervisor for the Wisconsin state headquarters of Selective Service, who testified that she had been designated by the Deputy State Director to be custodian of the file, and that she had actually re-

---

1. The letter is reproduced in an appendix to this opinion.

ceived the file from the United States Attorney about one hour prior to commencement of the trial on July 27. She had no knowledge of the file at any earlier time, nor had she any knowledge of the manner in which the file had been built up, other than her general knowledge of Selective Service procedures.

 On the authority of United States v. Holmes, 387 F.2d 781 (7th Cir. 1968), I received the file in evidence over objection, but explicitly reserved a ruling on the effect to be given to any particular item within the file. Under *Holmes*, the government is permitted to "prove the file" under Fed.R.Civ.P. 44(c) (Fed.R.Cr.P. 27 makes Rule 44(c) applicable to criminal trials) and 32 C.F.R. § 1606.35(a). This does not mean that any item in the file is admitted automatically for any purpose whatsoever.[2]

Captain Dickinson's letter is admissible under 28 U.S.C. § 1733, as a government record. United States v. Van Hook, 284 F.2d 489 (7th Cir. 1961). See also Rhyne v. United States, 407 F.2d 657 (7th Cir. 1969) and United States v. Holmes, 387 F.2d 781 (7th Cir. 1968). This is not, however, determinative of the question of whether the letter is admissible in the instant case for the purpose of proving that the defendant refused to submit to induction.

"* * * as a general rule in prosecutions for violation of the Universal Military Training and Service Act, the selective service file of the delinquent registrant is admissible into evidence as a public document under the provisions of Title 28 U.S.C.A. § 1733. Penor v. United States, 9 Cir., 1948, 167 F.2d 553; United States v. Ward, 2 Cir., 1949, 173 F.2d 628; United States v. Borisuk, 3 Cir., 1953, 206 F.2d 338; Kariakin v. United States, 9 Cir., 1958, 261 F.2d 263. The challenged letter [contained within the file] * * *, if otherwise admissible, * * * would qualify as a public document and be admissible to prove the truth of the facts therein recited. Vanadium Corporation v. Fidelity & Deposit Co., 2 Cir., 1947, 159 F.2d 105. The mere fact that a document qualified as a public record, however, does not ipso facto overcome the hearsay objection unless the document relates to an event to which the author of the document could himself testify. This is for the reason that the public documents exception to the hearsay rule is only the substitute for the appearance of the public official who made the record. Olender v. United States, 9 Cir., 1954, 210 F.2d 795, 42 A.L.R.2d 736." Yaich v. United States, 283 F.2d 613, 616 (9th Cir. 1960).

See also Kemp v. United States, 415 F.2d 1185 (5th Cir. 1969), Yung Jin Teung v. Dulles, 229 F.2d 244 (2d Cir. 1956). Police reports have generally been excluded except to the extent to which they incorporate firsthand observations of the officer. Annot., 69 A.L.R.2d 1148. In *Van Hook, supra,* a letter was received to prove that the registrant refused induction, but the author of the letter was himself a witness to the refusal. It does not appear that the precise issue present here (lack of personal knowledge of the out of court declarant) was ever presented to the court in *Rhyne* and *Holmes, supra.*

I hold that Captain Dickinson's letter is inadmissible as hearsay and that 28 U.S.C. § 1733 does not overcome this objection.

 Alternatively, the Dickinson letter may be admissible under 28 U.S.C. § 1732, the Federal Business Records Act, which provides, in pertinent part:

"In any court of the United States and in any court established by Act of Congress, any writing or record,

---

2. Under 32 C.F.R. § 1621.8, Selective Service officials are required to place "[e]very paper pertaining to the registrant" in his file. Consequently, when a local board receives anonymous hate letters or newspaper editorials "pertaining to the registrant," these are placed in his file. *Cf.* Clay v. United States, 397 F.2d 901, 924 n. 23 (5th Cir. 1968). It requires no citation of authority to conclude that such items are inadmissible to prove the truth of the facts they allege.

whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible as evidence of such act, transaction, occurrence, or event, if made in regular course of any business, and if it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence, or event or within a reasonable time thereafter.

"All other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but such circumstances shall not affect its admissibility."

The second quoted paragraph expressly provides that the entrant or maker need not have personal knowledge of the matters recited in the memorandum or record. Wheeler v. United States, 93 U.S. App.D.C. 159, 211 F.2d 19 (1954) cert. denied 347 U.S. 1019, 74 S.Ct. 876, 98 L.Ed. 1140. But this exception to the hearsay rule does not make competent all multiple hearsay incorporated into a report made by one acting under a business duty. In ruling on a similar multiple hearsay question (under the predecessor of 28 U.S.C. § 1732) Judge Learned Hand concluded:

"In cases where an entrant records what he has heard, the document will be evidence of what [others] have told him only in case it appears that it was part of their regular course of business to report to him what the declarants themselves knew, as it was part of his business to record what they said. * * * The 'act, transaction, occurrence or event' which the entrant records must be one of which either he

had knowledge, or which he learns from a declarant who shall 'in the course of the business transmit the information for inclusion in the memorandum.' 'Multiple hearsay' is no more competent now than single hearsay was before." United States v. Grayson, 166 F.2d 863, 869 (2d Cir. 1948).

Thus, when the information comes to the entrant or maker from others, the memorandum or record may be inadmissible, not because it incorporates hearsay, but because it does not qualify as a record made in the "regular course" of business.

■ In the instant case, the Dickinson letter indicates on its face that Dickinson believed the events set forth had occurred; that he believed Anderson and Leshishyn were witnesses to those events; and that he was notifying the U. S. Attorney of those events pursuant to Army regulations. But the present record contains no evidence that there was in effect at the induction center any systematic or routine procedure through which the facts and circumstances of a refusal to submit to induction would be reported or transmitted to someone (like Captain Dickinson) who did not himself witness the events but whose duty it was to send a letter of notification to the U. S. Attorney. Absent a showing of such routine there is no circumstantial guarantee of truthworthiness in the Dickinson letter and it is not admissible under § 1732.[3]

"A memorandum or record cannot be considered as having been made in the 'regular course' of business, within the meaning of § 1732, unless it was made pursuant to established company procedures for the systematic or routine and timely making and preserving of company records.

3. "Section 1732 of the Judicial Code provides for the admission of a writing made as a memorandum of 'any act, transaction, occurrence, or event * * * if made in regular course of any business.' This section was designed to permit the admission of business memoranda which impart a circumstantial guarantee of trustworthiness. The test is one of reliability. The summary notes in the instant case, introduced by way of the foundation testimony of the impartial professional person who prepared them, meet this test." United States v. Hickey, 360 F.2d 127, 143 (7th Cir. 1966).

"As before noted, it was established with regard to some, but not all, of these exhibits that the writing had been prepared in the course of the writer's duties as an employee of the company. * * * In most instances, however, it was not established that the internal procedures of the company required that such writings be prepared, transmitted, and filed systematically, or as a matter of routine.

> * * * * * *

"If there was any systematic, or routine procedure being followed in the preparation and filing of such writings, the burden was upon appellee to prove it. He failed to do so, at least with regard to most such exhibits. Where this foundation was lacking, the exhibit was not admissible under § 1732." Standard Oil Company of California v. Moore, 251 F.2d 188, 215 (9th Cir. 1957).

I hold that Captain Dickinson's letter is not admissible to prove that the defendant refused to submit to induction. I do not in any way suggest that the government is required to produce in court Captain Dickinson or any witnesses to the refusal.[4] Nor do I decide that the government must establish the actual procedure which resulted in the particular letter offered in evidence here. But the government must make some showing that a routine or systematic procedure was usually followed at the induction center. Otherwise the court has no basis for finding that "circumstantial guarantee of trustworthiness" which permits relaxation of the common law hearsay rule under 28 U.S.C. § 1732. See United States v. Hickey, *supra* note 3, 360 F.2d at 143. This minimal procedural safeguard is particularly appropriate in a criminal prosecution, especially where the "business record" was prepared for the principal purpose of initiating and assisting the criminal prosecution. *Cf.* Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645 (1943).

The only remaining evidence of defendant's refusal to submit to induction is contained in the testimony of the F. B. I. agent concerning certain admissions made to him by the defendant. I need not consider the testimony of the F. B. I. agent, since it is clear that an accused may not be convicted on his own uncorroborated confession. Smith v. United States, 348 U.S. 147, 155, 75 S. Ct. 194, 99 L.Ed. 192 (1954); Warszower v. United States, 312 U.S. 342, 61 S.Ct. 603, 85 L.Ed. 876 (1941); Isaacs v. United States, 159 U.S. 487, 16 S.Ct. 51, 40 L.Ed. 229 (1895).

I find that the government has not proven that defendant refused to submit to induction. For this reason, it is unnecessary to consider any of the numerous other arguments raised by defendant in his motion for judgment of acquittal.

Defendant's motion for a judgment of acquittal is hereby granted.

## APPENDIX

*Letter of Captain Dickinson from Plaintiff's Exhibit 5*

"USARCD–MLE

SUBJECT: Refusal to Submit to Induction

U. S. District Attorney
Eastern Division
Federal Building
Milwaukee, Wisconsin 53202

1. In accordance with para 40c(2) AR 601–270, 14 March 1962, Department of

---

4. Were I free of controlling precedent in this circuit, I would not permit a conviction on the basis of letters and memoranda embodying hearsay in any Selective Service criminal case. To permit it seems to me to ignore "the paradigm evil the Confrontation Clause was aimed at—trial by affidavit * * *," Dutton v. Evans, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970) (Harlan, J., concurring); and to apply a regrettable finishing touch to an administrative procedure, in the course of which the registrant is affirmatively denied the assistance of counsel, but which is nevertheless virtually impervious to judicial review even in a criminal proceeding. United States v. Wierzchucki, 248 F.Supp. 788 (W.D.

the Army, the following violation is reported for such action as your office deems necessary:

Keith Allan KNUDSEN, Selective Service Number 11–6–48–34, of 3302 Montoe Street, Madison, Wisconsin 53711 refused induction into the Armed Forces of the United States on 8 May 1968, after he was properly certified and delivered by Dane County Transfer Board, Selective Service System, 1619 Monroe Street, Madison, Wisconsin 53711.

2. Registrant KNUDSEN was informed that if convicted of the above felony, he would be subject to imprisonment for not more than five years, or a fine of not more than $10,000 or both. In view of the above, he was again asked if he refused induction and his reply was that he did.

3. Registrant KNUDSEN was requested to make a signed statement in accordance with para 40c(2) AR 601–270, which he refused to do.

4. Registrant KNUDSEN was informed at this time, that he could return to his home at his own expense as regulations prohibit the undersigned to furnish return transportation.

5. A copy of this letter is being furnished, as prescribed in regulations to Wisconsin State Headquarters, Selective Service System, Post Office Box 2157, Madison, Wisconsin 53701; a copy to the registrant's Selective Service Board, Dane County Transfer Board, 1619 Monroe Street, Madison, Wisconsin 53711; and a copy filed at this station for future use.

6. Names and address of witnesses

SSG Morris D. Anderson,
RA16419722 USA

SP4 Bruce A. Leshishyn,
RA13873405 USA

All witnesses are located at 341 North Milwaukee Street, Milwaukee, Wisconsin 53202.

Wis.1965). But I am bound by Rhyne v. United States, 407 F.2d 657 (7th Cir.

FOR THE COMMANDER:

WILLIAM R. DICKINSON
Captain, Infantry
Assistant Adjutant

CF:

State Dir, Wis SS System, Madison, Wis. 53701

Dane Co Transfer Bd, Madison, Wis. 53711