**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ottis Mayo JONES, Defendant-Appellant.**

**No. 20579.**

United States Court of Appeals, Sixth Circuit.

March 3, 1971.

Affirmed.

**1200**

———◆———

James T. Dewan, Cincinnati, Ohio (Court appointed), for defendant-appellant.

W. Thomas Dillard, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff-appellee; John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., on brief.

Before CELEBREZZE, PECK and McCREE, Circuit Judges.

PER CURIAM.

This is an appeal from conviction of possession of a stolen money order and uttering and publishing a forged and altered money order. On June 5, 1969, a sentence of one year was imposed for the first offense and five years for the second, to run concurrently but to commence at the expiration of a sentence appellant was serving at the time of judgment.

Appellant raises four contentions on appeal: (1) Whether his constitutional right to counsel was violated when the District Court did not appoint other counsel after permitting counsel originally appointed to withdraw. (2) Whether appellant, who was required to represent himself, was erroneously compelled to go to trial on a day on which he was not prepared because it was not the stated day and his witnesses had not been subpoenaed. (3) Whether the trial judge committed prejudicial error by commenting before the jury that appellant's requested witnesses were officials at the Atlanta Penitentiary. (4) Whether reversible error was committed by requiring appellant, before the government had rested its case, to interrogate a witness whose presence he had requested and by permitting that witness, a probation officer, to read to the jury portions of his probation report.

 A careful reading of the record, which we have supplemented on our own motion to include a transcript of appellant's arraignment proceedings on May 26, 1969, reveals that appellant dismissed his first appointed counsel before that time because of apparent disagreement over tactics. The court, at appellant's request, then attempted to appoint another attorney, but appellant withdrew the request when the trial judge expressed the hope that appellant would not dismiss him as he did his first attorney. The court repeated its offer to appoint counsel but appellant insisted on representing himself and at no time during the trial did he express a change of mind. We determine that appellant voluntarily waived his right to counsel and that his conviction is not impaired by his decision to represent himself. *See* United States v. Conder, 423 F.2d 904 (6th Cir. 1970).

 Appellant's second contention is based upon an incorrect statement of fact. It is clear from the record that the trial was set for June 4, 1969 at appellant's request when he announced that he could not be ready on May 28, the date initially set. We dispose of this issue as insubstantial.

The trial judge's comment about which the third contention centers appears to have been unavoidable in the context in which it arose, and since it did not inform the jury that appellant had been convicted of other crimes no reversible prejudice could have resulted.

 The final contention has more substance. Ordinarily the order of proof rests in the discretion of the trial judge, *cf.* Rhyne v. United States, 407 F.2d 657 (7th Cir. 1969), but in a case where a defendant elects to represent himself, the court should be scrupulously careful that departures from regular procedures shall not work to his prejudice. The most obvious prejudice would occur if defendant, by inadvertence, might supply evidence of a missing element essential to the prosecution's case. Nothing of this kind occurred here.

 Appellant was apparently persistently pursuing a theory which was irrelevant to the issues in the case and in his interrogation of the probation of-

ficer, he asked him to read from a report of his investigation of parole violation and not from a probation pre-sentence report as claimed. This testimony, which appellant elicited, informed the jury that he had been convicted for another offense and its admission, although unfortunate, does not entitle him to a new trial.

Affirmed.