**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Willie Clyde HARRIS, Defendant-**
**Appellant.**

**No. 18569.**

United States Court of Appeals,
Seventh Circuit.

July 27, 1971.

Rehearing Denied Aug. 20, 1971.

Kenneth S. Jacobs, Villa Park, Ill., for defendant-appellant.

William J. Bauer, U. S. Atty., Stanley D. Kubacki, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee; John Peter Lulinski, Jeffrey Cole, Asst. U. S. Attys., of counsel.

Before KNOCH, Senior Circuit Judge, PELL, Circuit Judge, and GORDON, District Judge.[1]

GORDON, District Judge.

The appellant, Willie Clyde Harris, was found guilty after a bench trial of having failed to report as a Class I-O registrant for civilian work at the Elgin State Hospital, Elgin, Illinois, in violation of 50 App. U.S.C. 462.

In both his motion for acquittal before the district court and in his principal brief before this court, Mr. Harris argued numerous contentions against his conviction; however, in his oral argument before this court, his counsel relied almost exclusively upon a proposition which was not advanced until he filed his reply brief. The government has moved to strike the latter contention which concerns Mr. Harris' claim that his local board failed properly to record his change of address and that as a result, Mr. Harris was not notified of the recommendation of the United States Department of Justice that Mr. Harris' classification be changed from I-AO to I-O. Later, when the local board carried out this recommendation and transmitted the I-O classification to Mr. Harris, it was sent to his old address.

■ The government suggests that the tardy submission of this argument would warrant our striking it under Rule 10 of this court's rules. See Finsky v. Union Carbide and Carbon Corp., 249 F.2d 449, 459 (7th Cir. 1957), cert. denied 356 U.S. 957, 78 S.Ct. 993, 2 L.Ed. 2d 1065 (1958). Nevertheless, in the interest of justice, we consider that it is more appropriate that we resolve the contention made and, therefore, we deny the motion to strike.

■■ Upon the merits of the argument, we conclude that we are unable to perceive any prejudice to the appellant resulting from the mailing of the erroneously addressed communications in question. Mr. Harris had sought the I-O classification, and the recommendation of the Department of Justice (of which he was not notified) was essentially a favorable finding to him; it can scarcely be said that he was prejudiced by not having been more promptly apprised of this recommendation. Similarly, the board's issuance of a new draft card granting him a I-O classification

---

1. The writer of this opinion is sitting by designation from the district court for the Eastern District of Wisconsin.

was not prejudicial to Mr. Harris merely because it was mailed to the wrong address. See United States ex rel. McCarthy v. Cook, 225 F.2d 71 (3d Cir. 1955), cert. denied 350 U.S. 937, 76 S.Ct. 304, 100 L.Ed. 818 (1956); Lancaster v. United States, 153 F.2d 718 (1st Cir. 1946).

Mr. Harris contends that his application for ministerial status was rejected upon the recommendation of the Department of Justice, and that had he known of this, he could have taken steps to challenge it. While it is true that the registrant filed a claim for ministerial status in October, 1964, the review by the Department of Justice on February 15, 1968 does not purport to pass on that issue. The opening paragraph of the Department's letter of February 15, 1968 refers to the fact that " * * * an opportunity to be heard on his claim for exemption as a conscientious objector is given the registrant by Mr. Leonard Rose, a Hearing Officer for the Department of Justice." The conclusion of the letter is as follows:

"The Department of Justice concludes that the registrant's conscientious-objector claim is sustained and recommends that he be classified in Class I-O."

In essence, the Department of Justice addressed itself to the conscientious objector claim and not to Mr. Harris' application for ministerial status.

Although the foregoing issue regarding the absence of notice to the registrant was urged as the principal basis for reversal, there are a number of other contentions advanced in the original brief which we shall also examine.

The appellant urges that he was denied his sixth amendment right to confront the witnesses against him when his selective service file was admitted into evidence over his objection. Particular criticism is directed at the receipt of a letter contained in the selective service file, dated February 17, 1969, which asserts that Mr. Harris "did not

report to duty at the Elgin State Hospital on February 10, 1969. * * * " for the purpose of performing civilian work. In United States v. Holmes, 387 F.2d 781 (7th Cir. 1967), cert. denied 391 U.S. 936, 88 S.Ct. 1835, 20 L.Ed.2d 856 (1968), this court held that the receipt of a defendant's selective service file into evidence in a prosecution for his failure to report for civilian work at a state hospital did not violate the defendant's constitutional right to confront his witnesses. See also Pardo v. United States, 369 F.2d 922 (5th Cir. 1966); United States v. Borisuk, 206 F.2d 338 (3d Cir. 1953); but see United States v. Knudsen, 320 F.Supp. 878 (W.D.Wis.1971).

■ Had there been any evidence offered at the trial which tended to contradict the selective service file's representation that Mr. Harris had failed to report, we would be alarmed about his demand for the right to confront the witness on this issue. However, as the record stands in this case, the selective service file was admissible to establish a prima facie case under 28 U.S.C. § 1732 and § 1733. See also Rule 27, Federal Rules of Criminal Procedure. The letter of February 17, 1969, which declared that Mr. Harris had failed to report, was in response to a letter addressed to the Elgin State Hospital from the local board on February 5, 1969, in which inquiry was made as to whether the registrant reported for the purpose of performing civilian work. We believe that this correspondence, including the letter of February 17, 1969, to which the appellant objects, was received by the board in the ordinary course of business.

We find here no deprivation of either due process or fair play, and in this sense the case is akin to the recent decision of the United States Supreme Court in Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (decided May 3, 1971), where a physician's report showing his medical findings was received into evidence with the court

noting (at p. 13 of the slipsheet opinion):

" * * * the claimant has not exercised his right to subpoena the reporting physician and thereby provide himself with the opportunity for cross-examination of the physician."

Mr. Harris also argues that there was no basis in fact for his being denied a ministerial classification. The record contradicts this argument. In responding to his board's selective service questionnaire, Mr. Harris stated that he spent only five hours per week in teaching and preaching the principles of religion. The superior of his church sent a letter dated January 22, 1965, which asserted that Mr. Harris "plans" to be a full time minister. Under Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946), and United States v. Phifer, 440 F.2d 462 (7th Cir., decided February 17, 1971), it is clear that there was a basis in fact for the board's determination that Mr. Harris was not entitled to a IV-D classification.

The appellant also contends that his classification was illegal because three members of his local board were ministers and represented faiths different from his own. Aside from Mr. Harris' contention in this regard, there is no proof in the record tending to support the accuracy of his claim. This issue was not raised before the appeal board, and the government urges that Mr. Harris cannot now attack the validity of the classification on this ground. Cox v. United States, 332 U.S. 442, 454, 68 S.Ct. 115, 92 L.Ed. 59 (1947). However, even if the issue were deemed to be properly raised in this court, there are no racial or religious restrictions upon the composition of local boards under 50 App. U.S.C. § 460 and, thus, this collateral attack upon the board's composition must fail. See United States v. Richmond, 274 F.Supp. 43 (C.D.Cal.1967). The court of appeals for this circuit recently considered a similar challenge in Wright v. Ingold, 445 F.2d 109 (7th Cir., decided May 18, 1971), where the court noted at page 6 of the slipsheet opinion:

"Nor do we believe that induction orders affecting the members of one race are void as a matter of law because the board was composed of members of a different race."

Mr. Harris also urges that there was no basis in fact for his classification because he was medically unfit for induction. He bases this, in part, on the fact that at the time of his physical examination, he reported that he was suffering from a defective spine, a trick knee, and from flat feet. He further claims that after these physical defects were noted, other persons being examined were sent along a different route than he was directed to follow. This contention by the appellant has an almost frivolous quality to it since the actual medical conclusion reached at the completion of his examination, and certified to by the examining physician, was that he was qualified for military service. We find Mr. Harris' contention in this regard totally devoid of any semblance of merit.

We are urged by the appellant to set aside his conviction because the direction to report for civilian work violated the 13th amendment and the 5th amendment of the Constitution of the United States. We give no credence to this argument. Jacobson v. Massachusetts, 197 U.S. 11, 29, 25 S.Ct. 358, 49 L.Ed. 643 (1905); Clay v. United States, 397 F.2d 901, 912 (5th Cir. 1968), vacated and remanded on other grounds sub nom. Giordano v. United States, 394 U.S. 310, 89 S.Ct. 1163, 22 L.Ed.2d 297 (1969); United States v. Holmes, 387 F.2d 781, 785 (7th Cir. 1967), cert. denied 391 U.S. 936, 88 S.Ct. 1835, 20 L.Ed.2d 856 (1968).

Although several other grounds for reversal are also advanced by the appellant, we are persuaded that the judgment of the district court must be and hereby is affirmed.