**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Kenneth Dale HUDSON, Defendant-**
**Appellant.**

**No. 72–1757.**

United States Court of Appeals,
Ninth Circuit.

Dec. 8, 1972.

Rehearing and Rehearing En Banc
Denied July 5, 1973.

---

7. United States v. Dotterweich, *supra*, fn. 1, p. 280.

Lumbard, Circuit Judge, dissented in an opinion.

Jerry E. Berg (argued), Palo Alto, Cal., for defendant-appellant.

Joseph Reeves, Asst. U. S. Atty. (argued), John F. Cooney, Jr., Asst. U. S. Atty., James L. Browning, Jr., U. S. Atty., for plaintiff-appellee.

Before LUMBARD,* HAMLEY and WALLACE, Circuit Judges.

WALLACE, Circuit Judge:

Appellant was convicted of violating 50 U.S.C.App. § 462(a) for failing to report for induction at the bus depot as ordered. The only evidence of the crime was appellant's Selective Service file; he contends that part of the file was inadmissible and the whole file was insufficient to sustain the conviction. Nowhere does he contend that he did report. We affirm.

Appellant was ordered to report on January 26, 1971. Page 11 of the file, entitled "Minutes of Actions by Local Board and Appeal Board and on Appeal to the President," contains, next to a stamped date of "JAN 26 1971," the typewritten entry "Failed to Report for Induction." Page 56 is a letter dated March 2, 1971, from a "Field Supervisor" of the state director to the local board. The letter indicates that appellant's file was enclosed, states in part that "[i]t appears that the registrant is in violation of section 12 of the Military Selective Service Act of 1967," and directs the local board to complete a "Report of Violation" form. Apparently in response, page 57 is a completed "Report of Violation" form dated March 3, 1971, which is addressed to the United States Attorney and signed by a representative of the local board. By checks in appropriate boxes, the form indicates that appellant was ordered to report for induction and failed to do so.

---

*-Honorable J. Edward Lumbard, Senior United States Circuit Judge of the Second Circuit, sitting by designation.

While there is some question as to the nature of the objection made at trial, it can be fairly construed to be directed to the pages in question and to include the ground of lack of foundation. No attempt was made to qualify the file as a business record pursuant to 28 U.S.C. § 1732. Admissibility as an exception to the hearsay rule must therefore be based upon a showing that it qualified as an official document under 28 U.S.C. § 1733(a) which provides:

> Books or records of account or minutes of proceedings of any department or agency of the United States shall be admissible to prove the act, transaction or occurrence as a memorandum of which the same were made or kept.

■ The first step towards admissibility requires the copy of appellant's Selective Service file be authenticated. 28 U.S.C. § 1733(b). This is satisfied when an officer having legal custody of the record, or his deputy, certifies the nature of the record, that he has custody of the original and attaches the seal of his office. Fed.R.Crim.P. 27; Fed.R.Civ.P. 44; Yaich v. United States, 283 F.2d 613, 617 (9th Cir. 1960). In the instant case, a "certificate" was attached to the file which complied with these requirements.

Once proven authentic, Selective Service files apparently have been deemed to comply with the statute and without any further showing admitted as official documents. United States v. Lloyd, 431 F.2d 160, 163–164 (9th Cir. 1970), cert. denied, 403 U.S. 911, 91 S.Ct. 2210, 29 L.Ed.2d 688 (1971); LaPorte v. United States, 300 F.2d 878 (9th Cir. 1962); Yaich v. United States, *supra,* 283 F.2d at 616; Kariakin v. United States, 261 F.2d 263, 265 (9th Cir. 1958). The point raised by appellant is that the record is silent as to who made the entry on page 11 and pursuant to what duty. The alleged offense took place at a bus station. Yet, the entry of the failure to report is found in the "Minutes of Actions by Local Board and Appeal Board and on Appeal to the President." Appellant claims there must be an affirmative showing that the person who made the entry actually witnessed the failure to appear, and he relies on United States v. Knudsen, 320 F.Supp. 878 (W.D.Wis. 1971).

■ Because § 1733 states the record "shall be admissible," it could be contended that nothing further than general compliance with the statute is necessary for admissibility of every part of the file. However, appellant is partially correct in his contention that the author of the challenged entry must possess personal knowledge of the evidence stated therein. Yaich v. United States, *supra,* 283 F.2d at 616; Olender v. United States, 210 F.2d 795, 801 (9th Cir. 1954). (One exception to this rule will be discussed *infra.*) On its face, the entry on page 11 could well be taken by the trial judge as a recording of a first-hand impression and therefore the declarant, if called to testify, could make the same statement in court. The trial court, therefore, did not commit error in admitting the statement under § 1733. That there is no independent affirmative evidence that the recorder actually had first-hand knowledge does not militate against its admissibility and we, therefore, decline to follow the district court in United States v. Knudsen, *supra.*[1] Such a restrictive rule would virtually emasculate the purpose behind § 1733 and require the proponent of the record to call witnesses for each entry where the entrant did not sign his name, state his title and make an additional

---

[1]. *Knudsen,* on its facts, would have been decided differently in this circuit. There, the failure to appear was apparently seen by two enlisted men who reported to a Captain who in turn, without affirmative proof of personal knowledge, stated the fact of non-appearance in a letter which was part of Knudsen's Selective Service file. As the enlisted men can be considered subordinates reporting to the official who makes his report, the report would be admissible. *See* Olender v. United States, 210 F.2d 795, 801 (9th Cir. 1954).

statement to the effect that "I was there and saw it." The main thrust of both §§ 1732 and 1733 is to obviate the need to call witnesses to each item in a writing which qualifies pursuant to either one of the sections. Olender v. United States, *supra* at 801. So long as the entry meets the basic requirements referred to above and appears trustworthy on its face, there is no error if the court admits it into evidence.[2]

This position is consistent with our earlier opinion in Kariakin v. United States, *supra,* where the defendant was convicted for failing to report for induction. We stated:

> As proof of his failure to report on October 4 as required by the notice of the Board, there is contained in the file a letter dated October 1 by appellant, saying he *refused* to report; a notation on the minutes of the local board on October 8, 1956, "Papers ret'd. from Ind. Sta. Failed to Report for Induction"; and a record of his appearance at the local board on October 11, 1956 (one week after he was supposed to report for induction), at which time appellant wrote out a copy of his letter of October 1 (refusing to report).

> We hold there was ample evidence to sustain the judgment of conviction. 261 F.2d at 265–266.

We note that one of the three entries mentioned was a notation in the minutes of the local board (similar to the page 11 entry in this case) stating in essence that there was a failure to appear. That evidence was considered, along with the two other items in the file, in sustaining the judgment of conviction. The *Kariakin* entry had one additional sentence which could be interpreted as making it less likely that the entrant was present when the act occurred. If that entry was acceptable, a fortiori, the questioned entry on page 11 in this case should be admissible.

■ That there is but one entry and it does not state all that could be recorded does not militate against admissibility. As we have held before, "the fullness and completeness of the official document would bear upon its weight and not upon its admissibility." LaPorte v. United States, *supra,* 300 F.2d at 882.[3]

The entries on pages 56 and 57 involve a different problem. That these items found their way into appellant's file does not necessarily mean they are admissible. Each document contains a report of failure to appear. From their nature and content, one could only conclude they report what has been told to or read by the writer and are, therefore, double hearsay. If the source of the report came from within the file, it could only come from the page 11 entry. If from outside the file, there remains the question of the foundation for the extra step of hearsay. While § 1733(a) obviates the first step of hearsay so that the writer need not be called as a witness, it does not ordinarily make double hearsay admissible. We said in Olender v. United States:

> Thus, this circuit and most of the other circuits which have passed on the question have held that the facts stated in the document must have been

2. The general thrust of admissibility for government records appears to be a type of presumptive cloak of validity because they are assumed ordinarily to be reliable. Wong Wing Foo v. McGrath, 196 F.2d 120, 123 (9th Cir. 1952); 5 Wigmore on Evidence § 1632 (3d ed. 1940).

3. If the entrant did not in fact observe the failure to appear, appellee could obviate this difficulty by producing and providing the necessary foundation for a Selective Service form No. 261 upon which the roll is taken at the place designated for induction. *See* 32 C.F.R. §§ 1632.15 and 1632.20. *See also* Kariakin v. United States, 261 F.2d 263, 265–66 (9th Cir. 1958). As an alternative theory, Professor Wigmore argues for the position that when the entrant has a duty to ascertain the facts about which the entry is made, his failure to observe the facts personally does not make the entry inadmissible. 5 Wigmore, *supra,* §§ 1635, 1638.

within the personal knowledge and observation of the recording official *or his subordinates,* and that reports based upon general investigations and upon information gleaned second hand from random sources must be excluded. (Emphasis supplied.) 210 F.2d at 801.[4]

We have, therefore, noted an exception to the rule requiring first-hand knowledge when a subordinate with such knowledge reports to the recording officer.[5]

■ However, it is unnecessary for us to determine whether pages 56 and 57 fit into this exception. They are, at the worst, only cumulative of the entry on page 11 which was properly before the trier of fact. In a case tried by the court without a jury, if there was admissible evidence sufficient to sustain a finding, the admission of improper evidence is not grounds for reversal. Bailey v. Sears, Roebuck & Co., 115 F.2d 904, 907 (9th Cir. 1940), cert. denied, 314 U.S. 616, 62 S.Ct. 82, 86 L.Ed. 495 (1941); Anglo California National Bank v. Lazard, 106 F.2d 693, 706 (9th Cir. 1939), cert. denied, 308 U.S. 624, 60 S.Ct. 379, 84 L.Ed. 521 (1940).

■ The next contention is whether the entry on page 11 is sufficient to sustain a conviction. Of course, evidence before the trier of fact must be interpreted in a light most favorable to the government. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942). The trial judge had before him the statement that appellant "failed to report for induction" which, under the law, must be considered as evidence that in fact the appellant did not appear. Such evidence was uncontradicted. The appellant chose not to take the stand nor offer any evidence in his own defense. Under the circumstances, we cannot say there was insufficient evidence for the court to find beyond a reasonable doubt that the appellant failed to appear as ordered.

LUMBARD, Circuit Judge (dissenting):

This is a case in which a defendant has been convicted solely on the basis of an anonymous notation in a Government record. Appellant was ordered to report for induction into the armed forces on January 26, 1971. He was indicted for failure to report. The only evidence that the Government introduced at trial, and on which the majority rely to sustain the conviction, is an unsigned, typewritten entry in appellant's selective service file stating that appellant "Failed to Report for Induction" and dated January 26, 1971. There is nothing in the record to indicate who made this entry and what if any means that person would have had to observe who reported and who did not report at the induction station on the day in question. I cannot agree that the use of such evidence, without any foundation, is sanctioned by 28 U.S.C. § 1733. Therefore, I dissent from the opinion of the panel and would reverse and remand this case to the district court for a new trial.

---

4. *See also* LaPorte v. United States, 300 F.2d 878, 882 (9th Cir. 1962). Some cases have apparently extended the rule further. *See* United States v. Harris, 446 F.2d 129 (7th Cir.), cert. denied, 404 U.S. 994, 92 S.Ct. 533, 30 L.Ed.2d 546 (1971), where a letter which asserted defendant did not report for alternative civilian work was held admissible as part of his Selective Service file; Holmes v. United States, 387 F.2d 781 (7th Cir.), cert. denied, 391 U.S. 936, 88 S.Ct. 1835, 20 L.Ed.2d 856 (1968), where a letter sent by the local board to a hospital requesting a statement that defendant refused alternative service and subsequently returned with an unsigned, undated notation that the hospital had no knowledge of defendant was held admissible as part of his file.

5. Similarly, under § 1732 there is an exception to the requirement that the writer observe the described act when the document sought to be introduced qualifies as a business record and a subordinate, who had first-hand knowledge, had made an oral or written report to the entrant in the regular course of business. LaPorte v. United States, *supra,* 300 F.2d at 881.

Section 1733 is designed to eliminate the hearsay objection to the admission of statements appearing in Government records. Its purpose is to obviate the necessity and inconvenience of calling to the witness stand the Government officers who made and recorded the written hearsay statements. See Wong Wing Foo v. McGrath, 196 F.2d 120, 121 (9th Cir. 1952). Therefore, this provision eliminates any hearsay objection predicated on the fact that the statements sought to be admitted are third party statements in a Government record. However, § 1733 does not eliminate all evidentiary objections, other than the threshold hearsay argument, that might be raised to the admissibility of such statements, for this public-documents rule only serves to make the record a substitute for the appearance of the recording official in court. See Yaich v. United States, 283 F.2d 613, 616 (9th Cir. 1960).

The essence of appellant's objection here is that the Government has not shown that the recorded matter was within the personal knowledge of the entrant. Appellant's point is fundamental in the law of evidence: any witness who testifies to a fact that can be perceived by the senses must have had an opportunity to observe and must actually have observed the fact. "The same requirement . . . is imposed upon declarations coming in under exceptions to the hearsay rule, that is, the declarant must so far as appears have had an opportunity to observe the fact declared." McCormick, Evidence, p. 19. As Dean Wigmore stated:

> Under the exceptions to the Hearsay rule the testimony of the witness deceased or absent must equally be based on personal observation. . . . [T]he person making the statements must have the means of knowledge expected normally of every witness. 2 Wigmore § 670.

"The burden of laying a foundation by showing that the witness had an adequate opportunity to observe is upon the party offering the testimony." McCormick, *supra.*

This requirement of first-hand knowledge has not been overlooked by the courts that have applied § 1733, and it appears to have been accepted as a prerequisite to the admission of statements that circumvent the hearsay objection by virtue of § 1733. Yung Jin Teung v. Dulles, 229 F.2d 244, 247 (2d Cir. 1956); Yaich v. United States, 283 F.2d 613, 616 (9th Cir. 1960). On the one hand, the majority appear to concede that some showing of first-hand knowledge is necessary; on the other . hand, they read all significance out of the requirement by holding that it is satisfied here merely because the statement on its face appears to be a record of first-hand knowledge.

The majority justify this curious approach on the ground that the application of the first-hand knowledge requirement would serve to emasculate § 1733. However, I fail to perceive this as a serious hazard. Section 1733 serves to obviate the hearsay objection. In the face of an objection, the Government need only show who the declarant was and that he was in a position to observe personally the fact that he recorded. This would not always require the Government to call the recording official, as the majority fear; for the entrant's presence in a position to observe the recorded facts could be shown in any number of ways other than his own testimony.[1] Hence, because of the majority's groundless fears of emasculating § 1733, they have unnecessarily undermined the requirement of first-hand knowledge, a fundamental of the law of evidence. They appear to have concluded, erroneously I believe, that § 1733 makes statements placed into Govern-

---

1. For example, the Government could identify the entrant, show that he was employed at the induction station with a duty to be present at the place where appellant would have reported, and show that he was on duty on the day in question.

ment records impervious to serious evidentiary objections.

Applying the first-hand-knowledge requirement here would not overburden the Government in its prosecution of criminal cases, as the majority admit.[2] Either it could introduce evidence of the identity of the entrant and of his opportunity to observe appellant's failure to report, or it could introduce alternative evidence of this fact that would not be subject to the same objection. In either event, we would not be confronted with the alarming specter of a criminal defendant being convicted and sentenced solely on the statement of an anonymous person appearing in a Government record.

---

2. In footnote 3 of the majority's opinion, it is noted that the Government could avoid any objection such as was raised here by producing, and providing the necessary foundation for a Selective Service form No. 261 upon which the roll is taken of those who report at the place designated for induction.